LENA E. HUNT, Appellant, v. JOSEPH T. HUNT et al., as Executors of WILSON G. HUNT, Deceased, et al., Respondents.

CONTRACT — ORAL ANTE-NUPTIAL AGREEMENT — MARRIAGE NOT SUCH A PART PERFORMANCE AS WILL AVOID STATUTE OF FRAUDS — SPECIFIC PERFORMANCE. Marriage is not such a part performance of an oral ante-nuptial contract, the sole consideration of which is marriage, as to take it out of the operation of the Statute of Frauds, and the contract cannot be specifically enforced in a court of equity.

*Hunt* v. *Hunt*, 55 App. Div. 430, affirmed.

(Argued May 21, 1902; decided June 10, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 26, 1900, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The plaintiff is the widow of Wilson G. Hunt, deceased. She brought this action to obtain specific performance of an ante-nuptial contract. Said Wilson G. Hunt died on October 14th, 1897, and during the pendency of this action. The defendants, who were substituted in his place, are his heirs at law and next of kin. By his last will and testament, dated and executed on August 30th, 1897, said Hunt bequeathed substantially all of his estate, consisting of both real and personal property, to the present defendants. Proceedings for the probate of said will were pending at the time of the decision of the trial court herein. Further facts appear in the opinion.

*Edwin Hicks* for appellant. In cases where a certain and definite contract is clearly established, even though it involves an agreement to leave property by will, and has been partly performed, equity in a case free from all objections, on account of circumstances rendering the claim inequitable, will compel specific performance. (*Lobdell* v. *Lobdell*, 36 N. Y. 327; *Godine* v. *Kidd*, 64 Hun, 585; *Percell* v. *Stryker*, 41 N. Y. 480; *Shakespeare* v. *Markham*, 10 Hun, 311; 72 N. Y. 406; *Healy* v. *Healy*, 55 App. Div. 315; *Chase* v. *Peck*, 21 N. Y. 581; *Huested* v. *Ingraham*, 75 N. Y. 251; *Piper* v. *Hoard*, 107 N. Y. 73; *Johnson* v. *Spicer*, 107 N. Y. 185; Pom. on Spec. Perf. 203; *Heath* v. *Heath*, 42 N. Y. Supp. 1087.) The contract was made upon a good, sufficient and valuable consideration, and should be enforced in equity. (*Piper* v. *Hoard*, 107 N. Y. 73; *Sterry* v. *Arden*, 1 Johns. Ch. 260; *Braddish* v. *Gibbs*, 3 Johns. Ch. 523; 4 Kent's Com. 542; *Campion* v. *Cotton*, 17 Ves. 264; Schouler on Dom. Rel. 268; *Peck* v. *Vandermark*, 33 Hun, 214; 99 N. Y. 29; *Wright* v. *Wright*, 59 Barb. 505; 54 N. Y. 437; *Webster* v. *Zielly*, 52 Barb. 483; *Hamer* v. *Sidway*, 124 N. Y. 538; *De Barante* v. *Gott*, 6 Barb. 492.) The agreement was fully performed. Hunt waived the Statute of Frauds, and it cannot now be invoked by his representatives. (*Wood* v. *Rabe*, 96 N. Y. 422; Pom. on Spec. Perf. 386, 387; Pom. Eq. Juris. 393; Story's Eq. Juris. § 64g; *Burch* v. *Newbury*, 1 Barb. 649; *Deposit* v. *Rogers*, 166 N. Y. 380; *Brown* v. *Crabb*, 156 N. Y. 447; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Matter of Cooper*, 93 N. Y. 507; *Embury* v. *Connor*, 3 N. Y. 511; *Mayor, etc.*, v. *M. R. Co.*, 143 N. Y. 1; *Sentennis* v. *Ladew*, 140 N. Y. 463, 466; *Crane* v. *Powell*, 139 N. Y. 379; *Hamer* v. *Sidway*, 124 N. Y. 538.) Plaintiff having fully performed the contract on her part, and Hunt having partly performed the contract on his part by the execution of his will and the delivery of a part of his property, constitute such acts of part performance as take the case out of the operation of the statute. (Pom. on Cont. [2d ed.] § 104; Browne on Statute of Frauds, § 446ab; 1 Pom. Eq. Juris.

86; *Winnie* v. *Winnie*, 166 N. Y. 263 ; *Cooley* v. *Lobdell*, 153 N. Y. 596 ; *Mentz* v. *Newwitter*, 122 N. Y. 491 ; *Brantingham* v. *Huff*, 43 App. Div. 414 ; *Hope* v. *Balen*, 58 N. Y. 380 ; *Hutchens* v. *Hebbard*, 34 N. Y. 24 ; *Chapin* v. *Dobson*, 78 N. Y. 74 ; *Julliard* v. *Chaffee*, 92 N. Y. 529 ; *Bolman* v. *Overall*, 80 Ala. 451 ; *Stephens* v. *Reynolds*, 6 N. Y. 454.) Equity will not allow the defendants to invoke the Statute of Frauds to aid them in the perpetration of a fraud. (1 Pom. Eq. Juris. 472, § 430 ; *McCormick* v. *Grogan*, 4 H. L. Cas. 82 ; *Newman* v. *Nellis*, 97 N. Y. 285 ; *Wood* v. *Rabe*, 96 N. Y. 414 ; *Colby* v. *Colby*, 81 Hun, 221 ; *Dunham* v. *Taylor*, 29 Ga. 167 ; *Lowe* v. *Lowe*, 30 Ga. 528 ; *Bond* v. *Hopkins*, 1 S. & L. 433 ; *Ryan* v. *Dox*, 34 N. Y. 307 ; *De Hierapolis* v. *Reilly*, 44 App. Div. 22 ; *Miller* v. *Ball*, 64 N. Y. 286.)

*William S. Moore* for respondents. The marriage of the parties was not such an act of part performance of the alleged ante-nuptial parol agreement as to take the same out of the Statute of Frauds, and it is well settled that a court of equity will not enforce such a contract. (*Brown* v. *Conger*, 8 Hun, 625 ; *Lamb* v. *Lamb*, 18 App. Div. 250 ; *Ennis* v. *Ennis*, 48 Hun, 11 ; *White* v. *Denike*, 53 App. Div. 320 ; *Dygert* v. *Remerschnider*, 32 N. Y. 629 ; *Read* v. *Livingston*, 3 Johns. Ch. 481 ; *Borst* v. *Corey*, 16 Barb. 136 ; *Matter of Willoughby*, 11 Paige, 257 ; *Dung* v. *Parker*, 52 N. Y. 494 ; *Levy* v. *Brush*, 45 N. Y. 589.) The plaintiff cannot avail herself of the act of the decedent in executing the alleged will of October 17, 1896, in her favor, by making such act the basis for equitable relief, and such act of the decedent did not constitute such a part performance of the alleged ante-nuptial agreement as to take the latter out of the operation of the statute. (*Levy* v. *Brush*, 45 N. Y. 589 ; *Bauman* v. *Holzhausen*, 26 Hun, 505 ; *Cagger* v. *Lansing*, 43 N. Y. 550 ; *Rathbun* v. *Rathbun*, 6 Barb. 98 ; *Dung* v. *Parker*, 52 N. Y. 494 ; *Lathrop* v. *Hoyt*, 7 Barb. 59 ; *Wheeler* v. *Reynolds*, 66 N. Y. 227 ; *Caton* v. *Caton*, L. R. [1 Ch. Div.] 137 ; *Buckmaster* v. *Harrop*, 7 Ves. 341 ; *Suchett* v. *Williamson*, 37 Mo. 388.)

Wᴇʀɴᴇʀ, J. This action was brought to compel the specific performance of an oral ante-nuptial contract which was entered into between the plaintiff and Wilson G. Hunt, the testator of the defendants, prior to their intermarriage in October, 1896. Under said contract, and in consideration of plaintiff's promise to marry said Wilson G. Hunt, the latter orally agreed to give the former, at once, the sum of five thousand dollars in money, the further sum of two dollars and fifty cents per week, the income of a house and lot in the city of Geneva, N. Y., to convey to her another house and lot in the same city, and to make a will giving her all of his property except a watch and two hundred dollars. The making of this contract, the subsequent intermarriage of the parties thereto, and the still later breach of the agreement by said Wilson G. Hunt, are established by the findings of the learned trial court, and upon these findings it based the conclusion of law that plaintiff is not entitled to recover because said contract is void under the Statute of Frauds. Under the unanimous affirmance of the learned Appellate Division the only question brought to this court by the appellant is whether an oral ante-nuptial contract, founded upon no other consideration than marriage, can be specifically enforced in a court of equity.

The statute provides that " every agreement or undertaking made upon consideration of marrige, except mutual promises to marry," shall be void unless such agreement or undertaking, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith, or his agent. (R. S. chap. 7, tit. 2, secs. 2 and 8.) The learned counsel for the appellant concedes that the contract in suit falls within the scope of this broad statute, but argues that the intermarriage of the parties to the contract is such a part performance thereof as to invest a court of equity with the power of specific enforcement. The argument for the respondents may be compressed into the single statement that the same act of performance which brings the contract within the sweep of the statute cannot be relied upon to exclude it therefrom. The most notable feature of the statute above quoted is its

simplicity and directness of language. All contracts founded
upon consideration of marriage, except mutual promises to
marry, shall be void unless the commands of the statute are
obeyed. Mutual executory *promises* to marry are expressly
excluded from its operation. All other contracts, founded
upon consideration of. *marriage,* are as clearly within its
·terms. These two diverse provisions of the statute, standing
in juxtaposition to each other, so plainly disclose the legisla-
tive intent as to render construction unnecessary if not impos-
sible. The letter of the law bears its' own interpretation.
This view of the statute is not original. Pomeroy in his work
on Contracts, under the head of " specific performance" (2d
ed. sec. 111), states it most forcibly as follows: " When a
verbal contract is made in relation to or upon the considera-
tion of marriage, the marriage alone is not a part performance
upon which to decree specific execution. This rule, which is
firmly established, is based upon the express language of the
statute. A promise made in anticipation of a marriage,
followed by a marriage, is the exact case contemplated by the
statute. It is plain that the marriage adds nothing to the very
circumstances described by the statutory provision which
·makes a writing essential; in fact, until a marriage takes place,
there is no binding agreement independent of the statute, so
that the marriage itself is a necessary part of every agree-
ment made upon consideration of it which the legislature has
said must be in writing." Beach in his Modern Equity Juris-
prudence (Sec. 622) says, " It is well settled that marriage is
not an act of part performance which will take a parol con-
tract out of the statute; for the statute expressly provides
that a contract in consideration of marriage shall not be bind-
ing unless it is in writing." This is also the view of the
statute entertained by the courts of England and the courts in
other jurisdictions where the English Statute of Frauds has
been copied. (*Caton* v. *Caton,* L. R. [2 Eng. & Ir. App.] 127,
affg. *S. C.,* 1 Ch. App. 137; *Taylor* v. *Beech,* 1 Ves. Sr. 297;
*Dundas* v. *Dutens,* 1 Ves. 196; *Lassence* v. *Tierney,* 1 McN.
& G. 551; *Warden* v. *Jones,* 23 Beav. 487; *Peek* v. *Peek,* 77

Cal. 106; *Bradley* v. *Saddler*, 54 Ga. 681; *McAnnulty* v. *McAnnulty*, 120 Ill. 26; *Henry* v. *Henry*, 27 Ohio St. 121.)

In our own state the trend of the decisions is in the same direction. In *Brown* v. *Conger* (8 Hun, 625) it was held that equity cannot enforce an oral contract for the conveyance of lands made in consideration of a marriage subsequently consummated. In *Dygert* v. *Remerschnider* (32 N. Y. 629) this court enforced, as against the creditors of the husband, an oral ante-nuptial contract under which the latter conveyed lands to his wife, but the decision was based upon the distinct ground that the payment by the wife of some of the husband's debts created an independent consideration for the transfer, and in his discussion of that fact Judge DAVIES said: "Under the authorities, I think she (the wife) had no right based solely upon the consideration of marriage which courts, either of law or equity, could have enforced." To the same effect are *Lamb* v. *Lamb* (18 App. Div. 250); *Ennis* v. *Ennis* (48 Hun, 11); *Whyte* v. *Denike* (53 App. Div. 320); *Reade* v. *Livingston* (3 Johns. Chan. 481); *Borst* v. *Corey* (16 Barb. 136) and *Matter of Willoughby* (11 Paige, 257). In none of these cases, except *Brown* v. *Conger* (*supra*) was the question presented in precisely the same form as in the case at bar, but in all of them the validity of an oral ante-nuptial contract was a pertinent and underlying question upon which the courts have held, with unvarying uniformity, that marriage is not such a part performance of an oral ante-nuptial contract as to take it out of the operation of the Statute of Frauds. Counsel for the appellant. vigorously contends that in the case at bar the Statute of Frauds is being used by the respondents as an instrument of fraud, and that this is a consummation that equity never tolerates. In support of this position we are referred to such cases as *Freeman* v. *Freeman* (43 N. Y. 34); *Winchell* v. *Winchell* (100 N. Y. 159); *Winne* v. *Winne* (166 N. Y. 263); *Ahrens* v. *Jones* (169 N. Y. 555); *Goldsmith* v. *Goldsmith* (145 N. Y. 313); *Dunckel* v. *Dunckel* (141 N. Y. 427) and other cases in which equity has intervened to prevent the

26

perpetration of fraud in the name of the statute. There is no analogy between such cases and the case at bar. Courts of equity, in exercising their powers upon the Statute of Frauds, are bound by two important limitations. The first is that equity will never interfere where there is an adequate remedy at law (*Russell* v. *Briggs,* 165 N. Y. 500), and the second is that equity cannot repeal the statute. (*Dung* v. *Parker,* 52 N. Y. 494.) The first of these limitations has, of course, no application to the case at bar because the appellant is clearly without a remedy at law. The second of these limitations is applicable here for the reason that the statute must be repealed before the contract in suit can be enforced. It is just here that we observe the essential difference between this case and those upon which the appellant relies. In the latter class of cases equity intervenes because the language of the statute is so general and elastic as to compel, or at least permit, the presumption that it was not designed to operate as a shield for fraud. In cases like the one at bar the language of the statute is so specific and rigid that no presumption can be invoked that conflicts with the letter of the law, although in certain cases great injustice may ensue.

Counsel for the appellant also insists that there was evidence tending to show that Wilson G. Hunt made a will in pursuance of the ante-nuptial contract and in conformity with its terms, and that this fact, of itself, establishes such a part performance of the contract as to take it out of the statute. We cannot discuss this question upon the merits because the trial court has made no finding upon the subject. We have no right to amplify the findings of fact in order to make a sufficient ground for reversal. (*Hilton* v. *Ernst,* 161 N. Y. 227.)

The judgment herein should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.