(54 Misc. Rep. 402)

### HOSMER v. TIFFANY et al.

(Supreme Court, Special Term, New York County. May, 1907.)

BANKRUPTCY—FRAUDULENT TRANSFERS—RECOVERY BY TRUSTEE.

    A bankrupt married a woman the day after she was divorced, and under a previous oral agreement purchased house furnishings on credit for a large amount and transferred them to his wife in consideration of the marriage. At the time he was insolvent, to her knowledge. *Held*, that the transfer would be set aside at the suit of his trustee in bankruptcy, as made to hinder and defraud creditors.

Action by Edward F. Hosmer, trustee in bankruptcy of Burnett Y. Tiffany, against Burnett Y. Tiffany and Lucille A. Tiffany. Judgment for plaintiff.

See 100 N. Y. Supp. 797.

L. M. Berkeley, for plaintiff.
Page, Crawford & Tuska, for defendants.

BRUCE, J. This action is brought by the trustee in bankruptcy of Burnett Y. Tiffany to set aside a transfer of household furnishings of the value of upwards of $25,000, made by the bankrupt to the defendant Lucille A. Tiffany, his wife. The principal creditors of the bankrupt are the tradesmen from whom these articles were purchased on credit by the bankrupt.

The bankrupt contends that as each of the articles was delivered he gave it to his wife, pursuant to an oral antenuptial agreement, whereby he promised that, if she would marry him at once, instead of waiting, as she claims she desired to, for a year or two, he would give her a home and furnish it. These furnishings have ever since remained in the residence of the bankrupt in this city. It further appears from the evidence, and is worthy of note, that at the time when these negotiations were had, and when the alleged promise was made, the defendant Lucille A. Tiffany had a husband living, and therefore could not then legally make or carry out such an agreement. She obtained a divorce

from her previous husband on April 24, 1903, and at about 12 o'clock noon of the following day, April 25, 1903, she promised to marry the bankrupt, and they were married between 4 and 5 o'clock in the afternoon of the same day. There is no evidence that there were any negotiations or any renewal of the alleged promise with relation to furnishing a house in consideration of immediate marriage had at any time after the defendant Lucille A. Tiffany was free to marry and before the marriage was consummated.

These furnishings were purchased and transferred to the defendant Lucille A. Tiffany after the marriage. The bankrupt was insolvent. at the time this alleged promise was made, was insolvent at the time of the marriage, was insolvent when the purchases were made, and has ever since remained so. Of these facts the defendant Lucille A. Tiffany was at the time cognizant. In fact, the evidence shows that he never had any property or any income whatsoever since his father's death in 1902, other than an income of $18,000 a year from his father's estate, and that, at the time of his father's death and ever since, he has been heavily indebted. Prior to his marriage he spent this income of $18,000 as fast as it was received. Subsequent to his marriage he turned it over to his wife, excepting $50 or $75 a week, which he retained for personal expenses; and she expended it as fast as it was received in payment of household expenses. The evidence shows that neither of the defendants expected that he would be able to pay for these furnishings out of that income of $18,000 per year, and there is no evidence that either of the defendants knew of any source from which the bankrupt might obtain the money with which to pay for these furnishings, except a claim which he had made for an increased income from his father's estate, and which he was seeking to secure through the courts of this state, but which has since been decided adversely to him. The evidence establishes, therefore, that the transfer of this property by the bankrupt to the defendant Lucille A. Tiffany was, as against his creditors, voluntary. Pers. Prop. Law, Laws 1897, p. 510, c. 417, § 21, subd. 3; Hunt v. Hunt, 171 N. Y. 396, 64 N. E. 159, 59 L. R. A. 306; Dygert v. Remerschnider, 32 N. Y. 629–636; Lamb v. Lamb, 18 App. Div. 250, 46 N. Y. Supp. 219; Whyte v. Denike, 53 App. Div. 320–322, 65 N. Y. Supp. 577. It also leads irresistibly to the conclusion that this transfer was made for the purpose and with the intent on the part of each of the defendants to hinder, delay, and defraud the creditors of the defendant Burnett Y. Tiffany. The knowledge or intent, however, of the defendant Lucille A. Tiffany, is unimportant, since, as there was no valuable consideration for the transfer, she cannot be protected, even though she was not privy to the fraud. Whyte v. Denike, supra.

In view of these facts, it is unnecessary to consider whether or not the divorce obtained in the state of Rhode Island is or is not valid.

Ordered accordingly.