Coos,
Dec. 2, 1913.

AUGUSTA A. DAY *v.* CLARA A. ROBY & *a.*

Where a verbal contract is made in consideration of marriage, an entrance upon the marital state is not alone a part performance upon which specific execution of the oral agreement can be decreed.

BILL IN EQUITY, for the specific performance of an oral antenuptial contract, made in consideration of the marriage which followed. The facts were found by a master, who reported that nothing was done by the plaintiff as a part performance of the contract, except to enter upon the marital state. Upon this report the bill was dismissed, and the plaintiff excepted. Transferred from the April term, 1913, of the superior court by *Pike,* J.

*Horace J. Holden* and *Sullivan & Daley (Mr. Holden* orally), for the plaintiff.

*Drew, Shurtleff & Morris* and *Thomas F. Johnson (Mr. Morris* and *Mr. Johnson* orally), for the defendants.

PEASLEE, J. The contract relied upon was within the provision of the statute of frauds (P. S., *c.* 215, *s.* 2), and the question

presented is whether there has been such a part performance that equity will afford relief by way of specific performance. The decisions are practically unanimous that in such cases equity does not grant relief. While it is true that some of the reasons given for the rule may be open to criticism (Bro. St. Fr., s. 459), yet it has been consistently adhered to from a very early date. *Montacute* v. *Maxwell*, 1 P. Wms. 618; *Caton* v. *Caton*, L. R. 1 Ch. App. 137; *Coles* v. *Pilkington*, L. R. 19 Eq. 174; *Manning* v. *Riley*, 52 N. J. Eq. 39; *Henry* v. *Henry*, 27 Ohio St. 121.

"When a verbal contract is made in relation to or upon the consideration of marriage, the marriage alone is not a part performance upon which to decree specific execution. The rule, which is firmly established, is based upon the express language of the statute. A promise made in anticipation of a marriage, followed by the marriage, is the exact case contemplated by the statute. It is plain that the marriage adds nothing to the very circumstances described by the statutory provision which makes a writing essential." Pom. Cont. (2d ed.), s. 111.

"Counsel for the appellant vigorously contends that in the case at bar the statute of frauds is being used by the respondents as an instrument of fraud, and that this is a consummation that equity never tolerates. . . . It is just here that we observe the essential difference between this case and those upon which the appellant relies. In the latter class of cases, equity intervenes because the language of the statute is so general and elastic as to compel, or at least permit, the presumption that it was not designed to operate as a shield for fraud. In cases like the one at bar, the language of the statute is so specific and rigid that no presumption can be invoked that conflicts with the letter of the law, although in certain cases great injustice may ensue." *Hunt* v. *Hunt*, 171 N. Y. 396.

Relief is not denied because of a failure to show that a gross fraud has been committed, but because the power to act in these cases has been taken from the court. The statute has been reenacted in this state many times, presumably with full knowledge of the construction uniformly placed upon it. Arguments to show that it permits rather than prevents fraud, while properly addressed to the legislature, are without force here.

*Exception overruled.*

All concurred.