[Civ. No. 2894. Second Appellate District, Division Two.—May 12, 1919.]

KATE C. TROUT, Appellant, v. JAMES G. OGILVIE, Administrator, etc., et al., Respondents.

[1] Contracts—Agreement to Devise Property—Specific Performance—Equity.—Though specific performance, in the literal sense of the term, of a contract to make a certain testamentary disposition of property cannot be given, nevertheless a court of equity, where the facts justify, may grant relief substantially the same as in specific performance by treating the heirs as trustees and compelling them to convey the property in accordance with the terms of the contract.

[2] Id.—Unenforceable Contract—Erroneous Finding Immaterial. In a suit in equity to compel specific performance of a contract to make a certain testamentary disposition of property, if the contract alleged be one that a court of equity will not enforce, it

1. Validity of agreement for bequest or devise, note, 14 L. R. A. 860.

is immaterial that a finding that no such contract was made is · not supported by the evidence. An erroneous finding upon · an issue is immaterial 'where, if the finding were otherwise, a different conclusion would not be necessitated.

[3] ID.—STATUTE OF FRAUDS—ORAL CONTRACT TO DEVISE PROPERTY— VALIDITY OF.—Under sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure, as amended in 1905 and 1907, respectively, an agreement to devise or bequeath property or to make any provision for a person by will is invalid if not in writing.

[4] ID.—PART PERFORMANCE—PAYMENT OF MONEY.—The payment of money is not such an act of part performance as will take a contract out of the operation of the statute of frauds. The remedy at law for a recovery of the money paid, with interest, is a complete and adequate remedy, and the payment does not work a fraud upon the party paying if the other refuses or neglects to perform his part.

[5] ID.—MARRIAGE.—Marriage as a part consideration for a contract to make a certain testamentary disposition of property is not of itself sufficient part performance to take the contract out of the statute of frauds.

[6] ID.—ACTS TAKING CONTRACT OUT OF OPERATION OF STATUTE.—To take a contract out of the operation of the statute of frauds, the acts relied upon must be unequivocally referable to the contract. Acts which, though in truth done in performance of a contract, admit of an explanation without supposing a contract, are not, in general, such acts of part performance as will take the case out of the operation of the statute. The acts relied upon must clearly appear to have been done in pursuance of the contract, and to result from the contract, and not from some other relation.

[7] ID.—AMENDMENTS OF CODES—PAROL CONTRACTS UNENFORCEABLE. Since the amendment of sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure, in 1905 and 1907, respectively, contracts to make certain testamentary disposition of property, if resting wholly in parol, are always unenforceable.

[8] ID.—PART PERFORMANCE OF PAROL CONTRACTS—WHEN ENFORCEABLE.—The doctrine of part performance, as applied to parol contracts within the statute of frauds, is confined to contracts relating to the sale of lands.

[9] ID.—ACTION TO COMPEL SPECIFIC PERFORMANCE—JURISDICTION OF COURT TO DETERMINE HEIRSHIP.—In a suit in equity by the widow of the deceased against the administrator of his estate and other persons claiming as heirs, to compel specific performance of a contract to make a certain testamentary disposition of property, the court is without jurisdiction to determine who are the heirs of the deceased.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edwin A. Meserve and Shirley E. Meserve for Appellant.

Stewart & Stewart for Respondents.

FINLAYSON, P. J.—This is a suit in equity to compel specific performance of a contract to make a certain testamentary disposition of property. From a judgment in favor of defendants, plaintiff appeals.

The action is of a type illustrated by a line of decisions in this state beginning with *Owens* v. *McNally*, 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710]. [1] Though specific performance, in the literal sense of the term, cannot be given in this class of actions, nevertheless a court of equity, where the facts justify, may grant relief substantially the same as specific performance by treating the heirs as trustees and compelling them to convey the property in accordance with the terms of the contract.

The claim of appellant is that she and John S. Trout, now deceased, in December, 1909, entered into an oral agreement whereby Trout was to make his will in appellant's favor. There is no claim that the agreement was induced by fraud on the part of decedent. The agreement, as alleged in the complaint, was substantially as follows: Trout proposed to appellant that if she would marry him and furnish a home for him during the remainder of his life, and would care for him, and would assist him with her money in paying off certain encumbrances then upon his property and a balance owing upon property that he had agreed to purchase, she should inherit and succeed to his property, and, after the marriage, "in consideration thereof, and in consideration of the payment of said sums for him," he would make a will in her favor, devising and bequeathing to her all of his property. Appellant, according to the allegations of her complaint, accepted Trout's offer, and thereafter, in performance of the agreement, married him.

The complaint alleges that defendant Ogilvie is the administrator of the estate of John S. Trout, deceased; that

defendants other than Ogilvie claim to be the heirs of Trout, but that they are not, and that appellant is Trout's sole heir. The answers deny substantially all the allegations of the complaint. Evidence on behalf of appellant was introduced. Defendants offered no evidence. The court found that Trout made no contract that appellant should inherit or succeed to any of his property or that he would make a will in her favor, but that during the marriage she advanced and paid for Trout, upon property belonging to him, and for which she has received no payment, sums aggregating three hundred dollars. The court declined to determine who are the heirs of Trout. This declination was placed upon the ground that, in this action, the court has no jurisdiction to determine the question of heirship. The judgment adjudges that appellant has a lien upon a certain lot, a part of the estate of decedent, for the three hundred dollars so paid by her for decedent, and that, aside from such lien, appellant take nothing.

[2] If the contract alleged in the complaint be one that a court of equity will not enforce, it is immaterial that the finding that no such contract was made is not supported by the evidence. The rule is that it is immaterial that there is an erroneous finding upon an issue where, if the finding were otherwise, a different conclusion would not be necessitated. [3] We think the contract, as alleged in the complaint, is not enforceable.

Sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure were amended in 1905 and 1907, respectively, by adding to each section a new subdivision (subdivision 7), whereby it is provided that an agreement to devise or bequeath property or to make any provision for a person by will is invalid if not in writing. The cases cited by appellant involved agreements entered into prior to the adoption of these code amendments.

Putting out of consideration, for the present, the fact that the agreement between appellant and Trout was made long after subdivision 7 had been added to each of these code sections, and assuming, for the purpose of this decision only, that such an agreement, though resting in parol and made since the code amendments, may be taken out of the statute of frauds by such acts of part performance as ordinarily would prompt a court of equity to grant specific

performance of an oral contract to sell real property—and appellant cannot possibly invoke any more liberal construction of subdivision 7 of these two code sections—still we cannot say that the acts of performance pleaded by appellant in her complaint justify the relief sought by her.

The allegation of the complaint is that, in his offer to appellant, Trout said "that he would, after the consummation of said marriage and in consideration thereof, and in consideration of the payment by plaintiff of said sums for him, make a will in favor of plaintiff." This is tantamount to an allegation that the consideration for Trout's agreement to devise and bequeath his property to appellant was the marriage and the payment by appellant of the sums necessary to relieve Trout's property from the encumbrances thereon and liquidate the balance owing on property contracted for by him. [4] It needs no authority to sustain the universally recognized rule that the payment of money is not such an act of part performance as will take a contract out of the operation of the statute of frauds. The remedy at law for a recovery of the money paid, with interest, is a complete and adequate remedy, and the payment does not work a 'fraud upon the party paying if the other party refuses or neglects to perform his part. The marriage, according to the allegations of the complaint, is the only other consideration for Trout's promise to "make a will in favor of plaintiff." [5] But marriage is not of itself sufficient to take a contract out of the statute of frauds. (*Peek* v. *Peek,* 77 Cal. 106, [11 Am. St. Rep. 244, 1 L. R. A. 185, 19 Pac. 227]; Civ. Code, sec. 1624, subd. 3; *Hunt* v. *Hunt,* 171 N. Y. 396, [59 L. R. A. 306, 64 N. E. 159]; *Finch* v. *Finch,* 10 Ohio St. 505.)

Assuming, without deciding, that appellant is not so far bound by the allegations of her complaint as to be precluded from relying upon evidence of other considerations for Trout's promise, as, for instance, personal services agreed to be and performed by her, that is, caring for him in his illness—and evidence of such services was adduced —still appellant fails to show a case for specific performance of an agreement that, when entered into, was clearly within the statute of frauds. It is true that certain kinds of service of a very personal nature have been held to be sufficient acts of part performance to justify the specific

execution of an agreement to devise real property, as, for example, where the services were of such a peculiar character that it is impossible to measure their value by any pecuniary standard, and it is evident that the parties did not intend to measure them by any such standard. Prior to the adoption of the code amendments already adverted to, such acts of part performance—personal services of an extraordinary nature—were held to be sufficient to warrant a court of equity in granting relief tantamount to specific performance of a contract to devise or bequeath property. (*Owens* v. *McNally,* 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710]; *Flood* v. *Templeton,* 148 Cal. 378, [83 Pac. 148].)

[6] To take a contract out of the operation of the statute of frauds, however, the acts relied upon must be unequivocally referable to the contract. Acts which, though in truth done in performance of a contract, admit of an explanation without supposing a contract, are not, in general, such acts of part performance as will take the case out of the operation of the statute. (36 Cyc. 645.) The acts relied upon must clearly appear to have been done in pursuance of the contract, and to result from the contract and not from some other relation. (*Blum* v. *Robertson,* 24 Cal. 142; *Foster* v. *Maginnis,* 89 Cal. 264, [26 Pac. 828]; *Owens* v. *McNally,* 113 Cal. 451, [33 L. R. A. 369, 45 Pac. 710]; *Fritz* v. *Mills,* 170 Cal. 458, [150 Pac. 375]; *Peek* v. *Peek,* 77 Cal. 106, [11 Am. St. Rep. 244, 1 L. R. A. 185, 19 Pac. 227]; *Van Epps* v. *Redfield,* 69 Conn. 104, [36 Atl. 1011]; *Ackerman* v. *Ackerman,* 24 N. J. Eq. 587; *Phillips* v. *Thompson,* 1 Johns. Ch. (N. Y.) 149; Pomeroy on Specific Performance, secs. 108, 109.) Here the personal services performed by appellant, caring for her husband in his illness—acts performed after the marriage—are referable as well to her marital obligation as a dutiful wife as to the contract alleged in her complaint. "Husband and wife contract toward each other obligations of mutual respect, fidelity, and support." (Civ. Code, sec. 155.)

[7] It must not be inferred, merely because, for the purpose of this decision, we have assumed that there may be circumstances under which a court of equity may enforce a parol contract to devise or bequeath property, entered into since the amendment of 1905, that such assumption correctly reflects our opinion as to this very important

question.   On the contrary, we strongly incline to the view
that, since the code amendments in question, such contracts,
if resting wholly in parol, are always unenforceable.   The
only case in this state to which our attention has been
called arising out of a contract entered into after the code
amendment of 1905 is *Hagan* v. *McNary,* 170 Cal. 141,
[L. R. A. 1915E, 562, 148 Pac. 937].   That, however, was
an action at law, and is not authority in a suit in equity
for specific performance.

Though courts of equity, very soon after the passage of
the English statute of frauds, asserted jurisdiction to de-
cree a specific execution of verbal contracts for the sale of
lands—contracts within the inhibition of subdivision 5 of
our statute of frauds—nevertheless eminent judges, at dif-
ferent times, have seriously questioned the wisdom of
allowing any exceptions whatever to the statute, and have de-
clared their intention not to extend them beyond the estab-
lished precedents. (Per Field, J., in *Arguello* v. *Edinger,*
10 Cal. 158 et seq.; *German* v. *Machin,* 6 Paige Ch. (N. Y.)
293; *Phillips* v. *Thompson,* 1 Johns. Ch. (N. Y.) 149, per
Kent, Ch.)   There are well-considered cases wherein it is
held that the doctrine of part performance—a doctrine that
is exclusively the creature of equity—applies only to con-
tracts for the sale of land, and does not extend to contracts
that are violative of some other provision of the statute of
frauds. (*Equitable Gas etc. Co.* v. *Baltimore etc. Co.,* 63
Md. 297—a suit in equity for specific performance of an
oral agreement not to be performed within a year; *McElroy*
v. *Ludlum,* 32 N. J. Eq. 828; *Osborne* v. *Kimball,* 41 Kan.
187, [21 Pac. 163]; *Hunt* v. *Hunt,* 171 N. Y. 396, [59
L. R. A. 306, 64 N. E. 159]; *Oddy* v. *James,* 48 N. Y. 685;
*Turnow* v. *Hockstadter,* 7 Hun (N. Y.), 80.)   See, however,
*McManus* v. *Cooke,* 35 Ch. Div. 681, wherein Justice Kay
says: "The doctrine of part performance of a parol agree-
ment, which enables proof of it to be given notwithstanding
the statute of frauds, though principally applied in the
case of contracts for the sale or purchase of land, or for
the acquisition of an interest in land, has not been confined
to those cases.   Probably it would be more accurate to say
it applies to all cases in which a court of equity would en-
tertain a suit for specific performance if the alleged con-

tract had been in writing.'' (See, also, Pomeroy on Specific Performance, sec. 101.)

[8] Whatever the rule may be elsewhere, it would seem that in this state the lawmakers intended that the doctrine of part performance, as applied to parol contracts within the statute of frauds, should be confined to contracts relating to the sale of lands—contracts within the inhibition of section 5 of our statute of frauds. (Civ. Code sec. 1624, subd. 5.) This seems to be the necessary consequence of section 1741 of the Civil Code, wherein express recognition is given to the power of a court of equity to compel specific performance of ''any agreement for the sale of real property in case of part performance therefor.'' The code section specifically excepts from the operation of the statute of frauds parol agreements, partly performed, that otherwise would be invalid under subdivision 5 of section 1624. If any other exception were intended, here was the place to make it. The framers of our statute deliberately added one express exception, and we must assume that they intended to leave their work complete. Furthermore, cases such as that in hand are of a class that frequently arise in fraud and abound in perjury. So far as we are informed, practically all of the cases of this class that found their way into our courts prior to the amendments of 1905 and 1907, whereby subdivision 7 was added to sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure, were equitable actions for specific performance; and if, in adding this new subdivision to these code sections, the lawmakers did not intend to put a quietus upon all such cases where the agreement sought to be enforced rests in parol, regardless of performance on the part of the promisee, then we utterly fail to perceive what was intended to be accomplished by these most important and salutary code amendments.

[9] In declining to determine whether defendants other than Ogilvie were heirs of Trout, the court committed no error. If, as we hold, appellant's alleged contract with Trout is invalid and unenforceable, then her sole right to receive any part of his estate is as an heir—as the surviving wife of John S. Trout. The code has provided a special proceeding whereby any person claiming to be an heir or entitled to distribution of any part of the estate of a

decedent may file a petition in the pending probate proceeding to have the court ascertain and declare the rights of himself and all others to the estate or any interest therein. Such a proceeding is one in the nature of an action to determine heirship, and must be instituted in the pending probate proceedings. (Code Civ. Proc., sec. 1664.) The remedy thus afforded is ample and exclusive. The subject matter of heirship is vested in the court, sitting as a probate court, wherein the probate proceeding is pending. The whole subject matter of dealing with the estates of deceased persons is one of statutory regulation, and the policy and intent of our statute very clearly contemplates that property of decedents shall be subjected to the process of administration in the probate court. There is no other method provided by the statute whereby the existence of heirs may be conclusively established; and without doubt the jurisdiction of the superior court, sitting in probate, is both original and exclusive. (*Estate of Strong,* 119 Cal. 655, 665, 666, [51 Pac. 1078] ; *Silva* v. *Santos,* 138 Cal. 541, [71 Pac. 703].) It would be an anomaly in jurisprudence if a court that is vested with full jurisdiction in matters of probate could be controlled in the exercise of that jurisdiction by the action of a co-ordinate court, or even by the same court sitting as a court of general jurisdiction.

Judgment affirmed.

Sloane, J., and Thomas, J., concurred.