136

ALLEN et al. v. MARKHAM.

No. 10760.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1945.

S. C. Masterson, of Richmond, Cal., for appellants.

Robert W. Kenny, Atty. Gen., and Everett W. Mattoon, Deputy Atty. Gen., for amicus curiæ Atty. Gen., of Cal.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., George A. McNulty, Chief Alien Property Unit, Wallace H. Walker, Richard P. Lott, and Clarice Grosshandler, Atty., all of Washington, D. C., and Arthur J. DeLorimier, Asst. U. S. Atty., of San Francisco, Cal. (John Ernest Roe, Gen. Counsel to Alien Property Custodian, of Washington, D. C., of counsel), for appellee.

Before WILBUR, GARRECHT, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The alien property custodian brought this action for a declaratory judgment against certain relatives of Alvina Wagner, alleging that the property involved had been covered by a vesting order and that he was entitled to possession thereof. He alleged that probate proceedings were in process in the superior court and that in that action a proceeding to determine heirship, Cal.Prob.Code, §§ 1080–1082, had been filed and was pending at the time he brought his complaint.

Decedent left a will in which she devised and bequeathed the property to a brother, two sisters and one niece, who were at the time this action was brought, residents of Germany and alien enemies of the United States. The custodian sought an order that none of the heirs, either those who were residents or non-residents, were entitled to take any part of the estate and upon that basis asked the court to order the executor to pay the entire net estate to the plaintiff upon the allowance of his final account as executor. The trial court so ordered and this appeal followed.

The most important question is that of jurisdiction. The custody of the property, according to the allegations of the complaint, is in the executor acting for the probate court. That court is charged with the responsibility of determining the heirship and also of determining the effect of the will left by the deceased. Such proceeding had been inaugurated and was pending at the time the proceeding herein was filed. The custodian claims the right to invoke the jurisdiction of the federal court on the ground that he is acting for the government of the United States and under the provisions of 28 U.S.C.A. § 41 (1) he is entitled to prosecute his proceeding in the federal district court. The section relied upon does not give jurisdiction over matters of probate which are not cases or controversies within the meaning of Art. III of the Constitution. The Case of Broderick's Will, 21 Wall. 503, 88 U.S. 503, 517, 22 L.Ed. 599; Byers v. McAuley,

149 U.S. 608, 615, 13 S.Ct. 906, 37 L.Ed. 867.

 In view of the fact that the matter is within probate jurisdiction and that court is in possession of the property, its right to proceed to determine heirship cannot be interfered with by the federal court. There is no reason why the custodian cannot present his claims to the property in that court. United States v. Bank of New York & Trust Co., 296 U.S. 463, 479, 56 S.Ct. 343, 80 L.Ed. 331; Trout v. Ogilvie, 41 Cal.App. 167, 182 P. 333; Estate of Burton, 93 Cal. 459, 29 P. 36; Estate of Belshaw, 190 Cal. 278, 212 P. 13.

The question as to whether or not the government should be finally successful in its claim is not involved in this appeal, if the district court had no jurisdiction to pass upon the matter.

It is suggested that the war situation has changed the applicable law and that the federal government through its custodian can use its own courts for determination of the destination of property belonging to alien enemies. It is sufficient for the present purpose to say that no such legislation has been passed by Congress.

Judgment reversed and case ordered dismissed.