Matter of State of New York (Garfield Q.) (2020 NY Slip Op 02837)





Matter of State of New York (Garfield Q.)


2020 NY Slip Op 02837


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528727

[*1]In the Matter of State of New York, Respondent,
Garfield Q., Appellant.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Brent R. Stack of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Mulvey, J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered October 2, 2018 in Montgomery County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.
Respondent was serving a prison term for his conviction of, among other things, criminal sexual act in the first degree. As respondent was about to be released, petitioner commenced this Mental Hygiene Law article 10 proceeding seeking an order finding respondent to be a dangerous sex offender requiring civil confinement in a secure treatment facility. Respondent waived his right to a jury trial. Following a nonjury trial, at which testimony was received from three expert psychologists and respondent himself, Supreme Court determined that respondent suffered from a mental abnormality and was a dangerous sex offender requiring confinement, and committed him to a secure treatment facility. Respondent appeals.
We affirm. At a trial, the factfinder "shall determine by clear and convincing evidence whether the respondent is a detained sex offender who suffers from a mental abnormality" (Mental Hygiene Law § 10.07 [d]); if so, "then the court shall consider whether the respondent is a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision" (Mental Hygiene Law § 10.07 [f]). "If the court finds by clear and convincing evidence that the respondent has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the respondent is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility, then the court shall find the respondent to be a dangerous sex offender requiring confinement," and commit him or her to a secure treatment facility (Mental Hygiene Law § 10.07 [f]; see Mental Hygiene Law § 10.03 [e]). "If the court does not find that the respondent is a dangerous sex offender requiring confinement, then the court shall make a finding of disposition that the respondent is a sex offender requiring strict and intensive supervision, and the respondent shall be subject to a regimen of strict and intensive supervision and treatment in accordance with [Mental Hygiene Law §] 10.11" (Mental Hygiene Law § 10.07 [f]).
Both of petitioner's psychologists, as well as respondent's psychologist, testified that respondent suffers from a mental abnormality as that term is defined by statute (see Mental Hygiene Law § 10.03 [i]); respondent does not challenge Supreme Court's finding based thereon. Thus, the only remaining issue is whether respondent is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law § 10.03 (e). Respondent does not argue that he fails to meet that definition. Rather, he argues that such confinement would be unconstitutional as applied to him because his mental abnormalities render him completely incapable of benefitting from the treatment that a Mental Hygiene Law article 10 facility will provide to him. Respondent's expert psychologist testified that respondent cannot be released into the community, but he would never benefit from sex offender treatment due to his mental illness. Instead, respondent's expert opined that respondent should be treated solely for his schizophrenia in a Mental Hygiene Law article 9 facility, not in a facility for detained sex offenders.
Respondent's argument fails for two reasons. First, once Supreme Court determined that respondent suffered from a mental abnormality, it had only two dispositional options: confinement in a secure treatment facility or strict and intensive supervision (see Mental Hygiene Law § 10.07 [f]; Matter of State of New York v Little Luke KK., 72 AD3d 135, 140 [2010], lv denied 15 NY3d 702 [2010]). As the statute makes clear, it was not within the court's discretion to choose a third dispositional option, i.e., confinement in a Mental Hygiene Law article 9 psychiatric hospital (see Matter of Juan PP. v Sullivan, 168 AD3d 1297, 1299 [2019], lv denied 33 NY3d 904 [2019]; Matter of New York State of New York v Little Luke KK., 72 AD3d at 140-141). Second, respondent's argument is based on the premise that his mental illness renders him unable to obtain any benefit from sex offender treatment. Although his expert rendered such an opinion, petitioner's experts testified that, once respondent's psychiatric condition is stabilized by an appropriate regimen of medication, he will be able to benefit from sex offender treatment. Given that the court credited the testimony of petitioner's experts, the evidence did not support the premise underlying respondent's argument. Accordingly, the court properly found by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement in a secure treatment facility where he will receive sex offender treatment as well as general psychiatric treatment (see Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; Matter of State of New York v Craig T., 77 AD3d 1062, 1064 [2010]).
Clark, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.