Matter of William MM. v Sullivan (2020 NY Slip Op 03576)





Matter of William MM. v Sullivan


2020 NY Slip Op 03576


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

528053

[*1]In the Matter of William MM., Appellant,
v
Ann Marie T. Sullivan, as Commissioner of Mental Health, et al., Respondents.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Matthew W. Bliss of counsel), for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



Devine, J.
Appeal from an order of the Supreme Court (Farley, J.), entered October 16, 2018 in St. Lawrence County, which, in a proceeding pursuant to Mental Hygiene Law article 10, granted respondents' motion to dismiss the petition.
Petitioner was adjudicated a detained sex offender suffering from a mental abnormality and, following a period of civil confinement, was released to a regimen of strict and intensive supervision and treatment (hereinafter SIST) in July 2015 (see Mental Hygiene Law § 10.11). He was also on parole and, in April 2016, was taken into custody for an alleged parole violation that was later established and resulted in a period of incarceration.
Upon his release in August 2018, petitioner commenced this proceeding seeking termination of his SIST regimen (see Mental Hygiene Law § 10.11 [f]). Respondents moved to dismiss the petition in lieu of answering and alleged, as is relevant here, that the petition failed to state a claim inasmuch as petitioner had not been subject to the SIST regimen for the requisite two years because of his incarceration (see Mental Hygiene Law § 10.11 [f]; CPLR 3211 [a] [7]). Supreme Court, among other things, agreed and dismissed the petition. Petitioner appeals, arguing that Mental Hygiene Law § 10.11 (f) allows him to file a termination petition "two years after the regimen of [SIST] commenced" and that his incarceration during that period was irrelevant.[FN1]
We disagree and affirm. Mental Hygiene Law § 10.11 (f) provides that "[a] person subject to a regimen of [SIST] . . . may petition every two years for modification or termination, commencing no sooner than two years after the regimen of [SIST] commenced." Our primary aim in interpreting that language is to discern the intent of the Legislature and, "[i]nasmuch as the text of a statute is the clearest indicator of such legislative intent, where the disputed language is unambiguous, [this Court is] bound to give effect to its plain meaning" (Makinen v City of New York, 30 NY3d 81, 85 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of O'Donnell v Erie County, 35 NY3d 14, 20-21 [2020]).
Although Mental Hygiene Law § 10.11 (f) does not state what it means for a person to be "subject to" a SIST regimen, we afford that phrase its usual meaning (see Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192 [2016]; Matter of New York State Bd. of Regents v State Univ. of N.Y., 178 AD3d 11, 20 [2019]) of being "affected by or possibly affected by" the regimen (Merriam-Webster Online Dictionary, subject to [https://www.merriam-webster.com/dictionary/subject to]). To be affected by a SIST regimen, however, a person must be living in the community under "lawful conditions set by the court and the department of corrections and community supervision" (Mental Hygiene Law § 10.11 [c]), examples of which are extensively discussed in the statute and revolve around the person receiving outpatient treatment under the supervision of a parole officer who is empowered to detain him or her for violations of the SIST regimen (see Mental Hygiene Law § 10.11 [a] [1]; [b]).[FN2] This is unsurprising given that Mental Hygiene Law article 10 creates "mutually exclusive dispositional outcomes, textually structured as disjunctive options of confinement or SIST" (Matter of State of New York v Nelson D., 22 NY3d 233, 239 [2013]; see Mental Hygiene Law § 10.07 [f]), and one who is confined, whether civilly or criminally, cannot also be subject to "outpatient supervision" in the community under a SIST regimen (Mental Hygiene Law § 10.01 [c]). Thus, the statutory language unambiguously shows that petitioner was only "subject to" a SIST regimen for the nine months that he was at liberty between his release from civil confinement and his detention on a parole violation, not the two years required to seek that regimen's termination (Mental Hygiene Law § 10.11 [c]; see Matter of State of New York v Lashaway, 100 AD3d 1372, 1373 [2012], lv denied 20 NY3d 861 [2013]).
Finally, "[t]he 'literal language of a statute' is generally controlling unless 'the plain intent and purpose of a statute would otherwise be defeated'" (Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018], quoting Bright Homes v Wright, 8 NY2d 157, 161-162 [1960]). The legislative history here, however, confirms the distinction between confinement and a SIST regimen in which offenders are reintegrated into the community under supervision and afforded "periodic review to determine whether the conditions of release . . . remain appropriate" (Senate Introducer's Mem in Support, Bill Jacket, L 2007, ch 7, at 15; see Letter from St Div of Parole, Bill Jacket, L 2007, ch 7, at 34; Letter from St Dept of Corr Servs, Bill Jacket, L 2007, ch 7, at 37). In contrast, to read Mental Hygiene Law § 10.07 (f) in the manner advanced by petitioner would defeat the purpose of allowing him to seek review of the terms of his SIST regimen every two years, as no meaningful review of his conditions of release could occur when he was not living under them for most of the relevant period due to his incarceration. We therefore agree with Supreme Court that the petition was unripe and had to be dismissed.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: At the time petitioner was detained for a parole violation, the State of New York commenced a separate proceeding alleging that petitioner's conduct had violated the terms of SIST and that he was "a dangerous sex offender requiring confinement" (Mental Hygiene Law § 10.11 [d] [4]). During the pendency of this appeal, Supreme Court dismissed that petition and ordered petitioner to be released under a modified SIST regimen (see Mental Hygiene Law § 10.11 [d] [4]). Inasmuch as success here would render viable petitioner's efforts to terminate his continuing SIST regimen, the issuance of updated SIST conditions did not render this appeal moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; Matter of Spence v Shah, 136 AD3d 1242, 1243-1244 [2016], lv denied 27 NY3d 908 [2016]).

Footnote 2: Although the statute now refers to an individual subject to a SIST regimen as being under "the custody and control" of, and subject to conditions imposed by, the Department of Corrections and Community Supervision (Mental Hygiene Law § 10.11 [c]), the statute originally referred to "the state division of parole" and was only changed because of a merger between that entity and the former Department of Correctional Services (Mental Hygiene Law § 10.11 [former (c)], as added by L 2007, ch 7, § 2; see L 2011, ch 62, part C, subpart B, § 118-e).