Matter of James WW. v State of New York (2022 NY Slip Op 00086)





Matter of James WW. v State of New York


2022 NY Slip Op 00086


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

531776
[*1]In the Matter of James WW., Appellant,
v
State of New York, Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon Stockwell of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Egan Jr., J.P.
Appeal from an amended order of the Supreme Court (Farley, J.), entered June 23, 2020 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge from confinement at a secure treatment facility.
Petitioner has a long record of criminal convictions arising from his sexual molestation of women and children, the last being a 2000 conviction for sexual abuse in the first degree related to his fondling of a nine-year-old girl. He served a term of imprisonment on that conviction and was then repeatedly imprisoned for violating the terms of his postrelease supervision. As his final release from prison neared, respondent commenced a Mental Hygiene Law article 10 civil management proceeding against him. In 2008, petitioner stipulated to a finding of metal abnormality and consented to confinement in a secure treatment facility as a dangerous sex offender requiring confinement.
Petitioner appeared for his tenth annual review in 2019 and, after the Commissioner of Mental Health determined that petitioner remained a dangerous sex offender requiring confinement, he filed a petition for discharge to a Mental Hygiene Law article 9 psychiatric facility (see Mental Hygiene Law § 10.09 [d]). Petitioner did not dispute that he was a dangerous sex offender requiring confinement; instead, he argued that his continued confinement in a secure treatment facility violated his constitutional right to substantive due process because his psychological problems and deteriorating cognitive condition prevented him from meaningfully engaging in sex offender treatment. Following a hearing at which the two testifying experts agreed that petitioner suffered from a mental abnormality and remained a dangerous sex offender requiring confinement, Supreme Court determined that it was statutorily obliged to continue his confinement in a secure treatment facility and dismissed the petition. Petitioner appeals.
We affirm. At the initial trial in a Mental Hygiene Law article 10 proceeding, "the factfinder shall determine by clear and convincing evidence whether the [individual] is a detained sex offender who suffers from a mental abnormality; if so, then the court shall consider whether the [individual] is a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision" (Matter of State of New York v Garfield Q., 183 AD3d 1055, 1056 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 916 [2020]; see Mental Hygiene Law § 10.07 [d], [f]). Petitioner, as noted above, stipulated to a finding of mental abnormality and consented to a finding that he was a dangerous sex offender requiring confinement "to a secure treatment facility for care, treatment and control until such time as he . . . no longer require[d] confinement" (Mental Hygiene Law § 10.07 [f]; see Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; 10.10 [a]). As such, the question [*2]to be answered upon the annual evaluation of his mental condition was whether he was still "a dangerous sex offender requiring confinement" in a secure treatment facility (Mental Hygiene Law § 10.09 [b]). The Commissioner of Mental Health determined that he was and, at the conclusion of the evidentiary hearing on petitioner's petition for discharge, Supreme Court was obliged to continue that confinement if it found "by clear and convincing evidence that [he] is currently a dangerous sex offender requiring confinement" and otherwise, absent a finding "that [he] no longer suffers from a mental abnormality," discharge him "to a regimen of strict and intensive supervision and treatment pursuant to" Mental Hygiene Law § 10.11 (Mental Hygiene Law § 10.09 [h]).
In short, as we observed when addressing the same challenge advanced by petitioner in the context of the initial trial in a Mental Hygiene Law article 10 proceeding, there are "only two dispositional options" under Mental Hygiene Law § 10.09 (h) for individuals who continue to suffer from a mental abnormality: "confinement in a secure treatment facility or strict and intensive supervision" in the community (Matter of State of New York v Garfield Q., 183 AD3d at 1057; see generally Matter of State of New York v Nelson D., 22 NY3d 233, 239 [2013]; Matter of William MM. v Sullivan, 184 AD3d 1035, 1036-1037 [2020], lv denied 37 NY3d 911 [2021]). There is not, notwithstanding petitioner's desire for one, "a third dispositional option, i.e., confinement in a Mental Hygiene Law article 9 psychiatric hospital" (Matter of State of New York v Garfield Q., 183 AD3d at 1057). Petitioner's attempt to invoke the equity jurisdiction of Supreme Court and this Court to create such an option must fail, as the "equitable powers of the courts may not be invoked to sanction disregard of statutory safeguards and restrictions" (Seif v City of Long Beach, 286 NY 382, 388 [1941]; see INS v Pangilinan, 486 US 875, 883 [1988]; Hunt v Hunt, 171 NY 396, 402 [1902]; Matter of County of Sullivan [Congregation Khal Chaside Skwera, Inc.], 86 AD3d 671, 672 [2011]; compare Dickerson v Thompson, 88 AD3d 121, 123-124 [2011]). The exercise of that authority would, in any event, not be warranted here because Mental Hygiene Law § 10.09 does not deprive petitioner of substantive due process "given [respondent's] strong interest in providing treatment to sex offenders with mental abnormalities and protecting the public from their recidivistic conduct" (Matter of State of New York v Daniel OO., 88 AD3d 212, 223 [2011], appeal dismissed 21 NY3d 1038 [2013]; see Kansas v Crane, 534 US 407, 413 [2002]; Matter of State of New York v Donald DD., 24 NY3d 174, 189 [2014]). Thus, as petitioner continues to suffer from a mental abnormality and is a dangerous sex offender requiring confinement, Supreme Court was obliged to "continue [that] confinement" (Mental Hygiene Law § 10.09 [h]), which must be "in a secure treatment facility where he will [*3]receive sex offender treatment as well as general psychiatric treatment" (Matter of State of New York v Garfield Q., 183 AD3d at 1057).
Finally, we agree with respondent that whatever separate challenges petitioner raises to the adequacy of his treatment are properly explored elsewhere (see 14 NYCRR 527.1 [a] [1]; 527.8).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the amended order is affirmed, without costs.