Matter of State of New York v Mahwee S. (2024 NY Slip Op 05741)

Matter of State of New York v Mahwee S.

2024 NY Slip Op 05741

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

805 CA 23-01983

[*1]IN THE MATTER OF THE STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
MAHWEE S., RESPONDENT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Joseph E. Lamendola, J.), entered October 27, 2023, in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent, who suffers from, inter alia, pedophilic disorder, admitted that he was a detained sex offender who had a mental abnormality, and Supreme Court held a dispositional hearing to determine whether respondent required confinement in a secure treatment facility or could be released on strict and intensive supervision and treatment (SIST). Respondent now appeals from an order determining that he is a dangerous sex offender requiring confinement under Mental Hygiene Law § 10.03 (e) and directing that he be confined in a secure treatment facility. We affirm.
As relevant here, a " '[d]angerous sex offender requiring confinement' " is a detained sex offender "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined" (id.). Only where the offender is "presently 'unable' to control [their] sexual conduct" may they be confined under section 10.03 (e) (Matter of State of New York v George N., 160 AD3d 28, 33 [4th Dept 2018]).
Contrary to respondent's contention, petitioner met its burden of proving by clear and convincing evidence that respondent is presently unable to control his sexual conduct and is a dangerous sex offender requiring confinement (see Matter of Juan U. v State of New York, 149 AD3d 1300, 1302-1303 [3d Dept 2017]; Matter of State of New York v Armstrong, 119 AD3d 1431, 1432 [4th Dept 2014]). Petitioner's expert testified that respondent had a strong predisposition to commit sex offenses because he suffers from pedophilic disorder and, due to his mild intellectual disability and psychotic disorder, he had poor cognitive problem solving. Respondent had difficulty making reasoned decisions and reading social cues. In addition, his antisocial personality trait enabled him to act upon his urges and desires with little or no regard for the consequences it might cause to his victims. Both petitioner's and respondent's experts agreed that respondent had no tools or plan to prevent him from reoffending, he could not recall anything from prior sex offender classes, and he refused treatment and medication while confined awaiting the outcome of the hearing.
Both experts also agreed that respondent posed an above average risk to reoffend. Further, although the general trend shown in research suggested that the risk of reoffending should decline after the age of 40, respondent's sexual offending behavior did not decrease with his advanced age. Petitioner's expert concluded that, without the structure and support from a [*2]secure treatment facility, respondent would likely sexually reoffend in a community setting. Respondent's expert agreed that respondent had a strong predisposition to commit sex offenses and an inability to control his behavior, but she opined that respondent did not require confinement, but rather needed 24-hour supervision and that placement in a group home run by the Office for People with Developmental Disabilities (OPWDD) was the best option for respondent. If respondent refused that option, however, as he had in the past, then she agreed with petitioner that respondent required confinement in a secure treatment facility.
Mental Hygiene Law article 10 "does not permit confinement as part of SIST" (Matter of State of New York v Nelson D., 22 NY3d 233, 235 [2013]). Article 10 provides for only two dispositional outcomes—confinement or an outpatient SIST regime—and a respondent's placement at an OPWDD facility constitutes involuntary confinement (see Nelson D., 22 NY3d at 236-237). Thus, there is no option here of releasing respondent on SIST and requiring him to be confined at an OPWDD facility (see id.; see also Matter of James WW. v State of New York, 201 AD3d 1069, 1071 [3d Dept 2022], lv denied 38 NY3d 909 [2022]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court