[No. 2,714.]

## NANCY R. HUSSEY v. GEORGE CASTLE.

FRAUDULENT CONVEYANCE BY HUSBAND TO WIFE.—There is no legal presumption that a conveyance of land, made by the husband to the wife, is fraudulent as against a judgment creditor of the husband, whose judgment was recovered after the conveyance.

COMMUNITY PROPERTY.—There is no legal presumption that land, the separate property of the husband, conveyed by him to the wife in consideration of money, the separate property of the wife, becomes, after such conveyance, the community property of the husband and wife.

ANTE-NUPTIAL CONTRACT.—An ante-nuptial verbal contract, which is executed by the parties after marriage, cannot be assailed by the parties thereto, or by third parties, on the ground that it was not in writing.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The complaint averred that the plaintiff was the wife of J. C. Hussey, with whom she intermarried in the State of Iowa, on the 9th day of December, 1869, while temporarily absent from California, which was their domicile; and that pursuant to an ante-nuptial contract between the parties, and in consideration of marriage, and of five thousand dollars in coin, due by said J. C. Hussey to the plaintiff before their marriage (two thousand of which was secured by mortgage on the land), the said J. C. Hussey conveyed to her, after the marriage, a tract of land consisting of one hundred and eighty acres, and that the same, by the conveyance, became her separate property; that said conveyance was recorded on the 16th day of February, 1870, and on the 27th day of May, 1870, one George Loney, in an action of tort, recovered a judgment against J. C. Hussey for eight hundred and eighty-five and forty-five one hundredths dollars, upon which an execution was issued; and that the defendant, who was Sheriff of San Joaquin County, had, by virtue of the execution, advertised the land for sale. There was a prayer that the sale be perpetually

enjoined. The defendant demurred to the complaint, and the Court below sustained the demurrer; and the plaintiff declining to amend, judgment was rendered for the defendant. The plaintiff appealed.

*Terry & Carr*, for Appellant.

The marriage vested the husband with no legal or beneficial interest in the wife's separate estate, nor did it affect her right of action for the recovery of the debt, but she could proceed by suit in the same manner as if the marriage had not taken place. (*Lewis & Chard* v. *Johnson*, 24 Cal. 98; *Wilson* v. *Wilson*, 36 Cal. 447; *Power* v. *Lester*, 23 N. Y. 527.) The conveyance from J. C. Hussey to plaintiff was not a voluntary conveyance, but was founded upon a valuable consideration, and is valid as against the creditors of J. C. Hussey. (*Babcock* v. *Eckler*, 24 N. Y. 623.) The marriage of plaintiff with J. C. Hussey was a valuable consideration, sufficient to support the conveyance; and the *antinuptial* promise, though within the statute of frauds, is sufficient to support an executed contract. (*Dundas* v. *Dutens*, 1 Vesey, 196; *Simmons* v. *Simmons*, 6 Hare, 352; *Beverly* v. *Beverly*, 2 Vernon, 131; *Hudson* v. *Cheynee*, 2 Vernon, 150; *DeBeil* v. *Thompson*, 3 Beavau, 469; *Montacute* v. *Maxwell*, 1 Strange, 236; *Hamersley* v. *DeBeil*, 17 Eng. L. & E. 212.)

*S. P. Scaniker*, and *J. H. Budd*, for Respondent.

The plaintiff could make no contract with her husband subsequent to marriage, except in special cases, as under the sole trader's Act. (*Snyder* v. *Webb*, 3 Cal. 83; *Rowe* v. *Kohle*, 4 Cal. 285; *Luning* v. *Brady*, 10 Cal. 265; *Shaver* v. *Bear River and Auburn Water and Mining Company*, 10 Cal. 396; *Jackson* v. *Parks*, 10 Cush. 550.) In this State marriage contracts are invalid unless in writing, and executed and acknowledged in like manner as a conveyance of land is

required to be executed and acknowledged. (Session laws, 1850, p. 254, Hittell, Art. 3,578.) And such contracts do not affect property, except as between the parties thereto, until filed for record in the county where such property is situate. (Laws of 1850, p. 254; Hittell, Art. 3,581; *Taylor* v. *Hericot,* 4 Dessau, 227; *Wilson* v. *Wilson,* 1 Dessau, 401.) Such conveyance will not be upheld as against the creditors of the husband of plaintiff. (*Roach* v. *Livingston,* 3 Johns. Ch. Rep. 481; *Borst* v. *Corey,* 16 Barb. 136; *Andrews* v. *Jones,* 10 Ala. 400; *Blow* v. *Maynard,* 2 Leigh, Va. 39; *Smith* v. *Greer,* Humph. 118; *Jackson* v. *Myers,* 18 Johns. 426; Hittell, 3,164.)

By the Court, SPRAGUE, J.:

The demurrer to the complaint should have been overruled.

There is no legal presumption that the conveyance of the premises described in the complaint, by J. C. Hussey, the husband of the plaintiff, to her, of February 15th, 1870, was fraudulent as against the party now seeking to sell the same in satisfaction of a judgment against the husband of plaintiff, obtained more than three months after such conveyance, even though the husband had made the same as a voluntary conveyance to, or settlement upon, his wife, the plaintiff; and clearly, under the circumstances attending the conveyance, and the substantial money considerations therefor, alleged in the complaint, no presumption of fraud, as against subsequent judgment creditors of the husband, arises; nor does the presumption arise, from a conveyance of the separate property of the husband to the wife, in consideration of money passing from the wife, which was her separate property, that the property thus conveyed becomes the common property of the husband and wife.

The money alleged to have been the consideration for the conveyance relieves the same from the imputation of being a voluntary conveyance, independent of the ante-nuptial verbal contract. And further, as the ante-nuptial contract is alleged to have been completely executed, the same is not assailable by the parties thereto, or by third parties, on the ground that it was not in writing, as prescribed by statute.

Judgment and order dissolving the injunction reversed, with directions to the Court below to overrule the demurrer to the complaint.

Neither Mr. Justice WALLACE nor Mr. Justice CROCKETT expressed an opinion.