[Civ. No. 1754.  First Appellate District.—June 28, 1916.]

## LOUISA R. FREITAS, Respondent, v. MANUEL F. FREITAS, JR., et al., Appellants.

LIFE INSURANCE—ACTION BETWEEN CONFLICTING CLAIMANTS—PAYMENT INTO COURT—PLEADING.—Where, in an action between conflicting claimants to the amount called for in a policy of life insurance, the insurer does not defend the action but deposits the money in court subject to a determination of such conflicting claims, it becomes immaterial as to whether the complaint states a cause of action against such insurer.

ID.—ACTION ON POLICY—RIGHTS UNDER ANTENUPTIAL AGREEMENT—SUFFICIENCY OF COMPLAINT.—The complaint in such an action is sufficient as between the conflicting claimants, where it is alleged that the plaintiff was induced to marry the insured by an antenuptial agreement, wherein he promised the plaintiff that if she would marry him he would make her the beneficiary of the policy, and that upon his marriage with the intent of performing his agreement he caused the plaintiff to be named as beneficiary and delivered the policy to her, and thereafter secured possession thereof and without her knowledge or consent substituted the defendants as beneficiaries.

ID.—ANTENUPTIAL AGREEMENT—REDUCTION TO WRITING—NONESSENTIAL AVERMENT—PRESUMPTION.—The complaint in such an action is not subject to general demurrer for failure to allege that the

antenuptial agreement was reduced to writing, as such agreement, as a matter of pleading, will be presumed to be in writing.

ID.—EXECUTION OF ANTENUPTIAL AGREEMENT—WRITING NOT ESSENTIAL. Such an antenuptial agreement is not required to be in writing where the same became fully executed by the act of the insured in procuring his wife to be designated as the beneficiary of the policy.

ID.—STATUTE OF FRAUDS—EXECUTED ORAL AGREEMENT.—The statute of frauds has no application to executed oral agreements.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Louis B. Diavila, and Jos. P. Lucey, for Appellants.

Rose & Silverstein, for Respondent.

THE COURT.—The plaintiff in this case is the widow of Manuel T. Freitas, deceased. The defendants, Manuel F. Freitas, Jr., Mary Freitas Lopez, Francisco Freitas, and Anna Freitas Nula are the children of said deceased by a former marriage. The defendant Unica Portugueza de Estada da California is a beneficiary corporation. The complaint in substance alleged, and the trial court in effect found, that the plaintiff was induced to marry Manuel T. Freitas, since deceased, by an antenuptial agreement, wherein he promised the plaintiff that if she would marry him he would make her the beneficiary of a policy of life insurance in the sum of one thousand dollars which he then held and which had been issued to him by the corporation defendant. Upon his marriage to the plaintiff Freitas, with the intent and purpose of performing his antenuptial promise, caused the plaintiff to be named as the beneficiary in the policy of insurance, and thereupon delivered the same to her. Subsequently he secured possession of the policy and, without the consent or knowledge of the plaintiff, caused the children above mentioned to be substituted as beneficiaries, and they were the beneficiaries named in the policy at the time of his death.

The corporation defendant did not defend against the action, but deposited in court the amount called for in the policy subject to a determination of the conflicting claims of the plaintiff and the other defendants.

Judgment was rendered for the plaintiff, from which the individual defendants alone have appealed.

The demurrer of these last-named defendants to the complaint was rightly overruled. Having paid the fund in controversy into court, the corporation defendant in effect waived any defense it might have had against either or both of the conflicting claimants; and being apparently satisfied with the lower court's adjudication of the controversy, it is of no consequence whether or not the complaint stated a cause of action against the corporation. (*Jory* v. *Supreme Council etc.*, 105 Cal. 20, [45 Am. St. Rep. 17, 26 L. R. A. 733, 38 Pac. 524]; *Adams* v. *Grand Lodge*, 105 Cal. 321, [45 Am. St. Rep. 45, 38 Pac. 914]; *Hoeft* v. *Supreme Lodge*, 113 Cal. 91, [33 L. R. A. 174, 45 Pac. 185]; *Supreme Council* v. *Murphy*, 65 N. J. Eq. 60, [55 Atl. 507, 509].)

The complaint as between the plaintiff and the appealing defendants stated a cause of action. The case of *Gagossian* v. *Arakelian*, 9 Cal. App. 571, [99 Pac. 1113], has no application to the facts of the present case. Here the cause of action relied upon proceeded upon the theory that the plaintiff had acquired an equitable right to the sum secured by the policy of insurance which the insured could not defeat by any act of his, and which the individual defendants as mere voluntary beneficiaries possessing no equities could not deny. That such a right may be acquired under the facts pleaded here, and will when established receive recognition and protection at the hands of a court of equity, is settled in this state. (*Adams* v. *Grand Lodge, supra; Jory* v. *Supreme Council, supra.*)

The complaint states a cause of action notwithstanding the fact that the antenuptial agreement pleaded was not alleged to have been reduced to writing as required by section 1624 of the Civil Code, and section 1973 of the Code of Civil Procedure. As a matter of pleading, the agreement was presumed to be in writing.

The evidence supports the findings, and the findings support the judgment. While the evidence shows, and the court in effect found, that the antenuptial agreement was not expressed in writing, nevertheless the evidence further shows, and the court found, that in keeping with his agreement and the consideration of the plaintiff's marriage to him, Freitas, the insured, procured her to be designated as the beneficiary

of the sum secured by the policy of insurance. The ante-nuptial contract thereby became fully executed (*Supreme Lodge* v. *Ferrell*, 83 Kan. 491, [33 L. R. A. (N. S.) 777, 112 Pac. 155]) and it is settled law that the statute of frauds has no application to an executed oral agreement (*Bates* v. *Babcock*, 95 Cal. 479, 488, [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605]).

The judgment appealed from is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1916.