[Civ. No. 3184. First Appellate District, Division One.—February 13, 1920.]

SARAH A. HIGGINS et al., Respondents, v. FRED M. JENNINGS, Sheriff, etc., Appellant.

[1] ATTACHMENTS—TRANSFER OF PROPERTY FROM HUSBAND TO WIFE—LIABILITY TO ATTACHMENT IN SUIT AGAINST HUSBAND.—Where the husband, for a sufficient consideration, and at a time when he is solvent, transfers a note and mortgage to his wife, such note and mortgage are not subject to attachment some fifteen months after the said transfer at the suit of one of the creditors of the husband.

[2] HUSBAND AND WIFE—DISPOSITION OF PROCEEDS OF HOMESTEAD—VALIDITY OF ORAL AGREEMENT.—An oral agreement entered into in good faith between a husband and wife with respect to what shall be done with the proceeds of the sale of their homestead property, by the terms of which such proceeds are to be transferred to wife, is valid when the same has been fully executed by the making of such transfer.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henning & McGee for Appellant.

Shreve & Shreve, J. T. Reed, Theodore Stensland and Shreve, Reed, Sample & Reed for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff Sarah A. Higgins against defendant Fred M. Jennings, sheriff of San Diego County, in an action in claim and delivery and by which said plaintiff was decreed to be entitled to the possession of a certain promissory note for nine thousand six hundred dollars, together with a mortgage on real property given to secure its payment, which the defendant as such sheriff had taken into his possession as the property of one B. B. Higgins, husband of said plaintiff, under an attachment issued in an action pending against him.

The facts of the case are very fully found by the court and may be briefly summarized as .follows: In the year

1904 Sarah A. Higgins married said B. B. Higgins, who at the time was a widower with two young children, and the owner of and living upon a ranch in said county, upon which there was a mortgage for two thousand dollars.. She had been his housekeeper for two years, and there was due to her from Higgins some three or four hundred dollars as unpaid wages. She was also the owner of five acres of land, with a few head of cattle and other personal property, including two or three hundred dollars in cash.. Higgins had requested her to marry him, promising that if she would do so and raise his two children and assist him in paying off the mortgage on his said ranch he would give her the property. She consented and became his wife, sold her land and devoted the proceeds to the removal of said encumbrance, and otherwise carried out the terms of her undertaking. No immediate transfer of the ranch was made to Mrs. Higgins, but in the year 1911 she declared a homestead upon it, her husband not joining in said declaration, and indeed not knowing of it until after the declaration was made. In September, 1913, after negotiations conducted through R. E. Harrison, the other plaintiff in this action, the ranch was sold, Mrs. Higgins joining in the deed, and thus relinquishing her homestead right upon the understanding with Higgins that the proceeds of the sale should be paid to her. Through a misunderstanding by Harrison of his instructions, a note and mortgage, taken as part payment for said ranch and which constitute the bone of contention in this action, were assigned to Higgins, upon discovering which a few days later, Mrs. Higgins took exception to it, and she and her husband went to a lawyer and had the error rectified by an assignment of said note and mortgage from Higgins to his wife. Some fifteen months thereafter, viz., in December, 1914, an attachment was issued in an action pending against said B. B. Higgins and brought by the Bank of Oceanside upon a promissory note executed by said Higgins, and said attachment was levied upon the note and mortgage now in controversy and which was then in the hands of one Alden, having been assigned to her by Sarah A. Higgins as security for a loan of six hundred dollars. A few days thereafter, viz., on December 7, 1914, said Alden assigned said note and mortgage to said Harrison, who later, in the month of February, 1915,

assigned them to Sarah A. Higgins. The defendant having secured possession of the note and mortgage by virtue of said attachment, said Harrison and Mrs. Higgins, as plaintiffs, brought this action against him for their recovery, and upon giving the necessary replevin bond regained possession of the property.

It further appears that on February 1, 1915, B. B. Higgins filed a petition in bankruptcy in the United States district court and was on that day adjudicated a bankrupt. A trustee was appointed, and qualified, and in the course of said proceeding the Bank of Oceanside made proof of its claim and being the same obligation upon which its pending suit against Higgins was based. At the time of the trial of the present action, which took place nearly three years after its commencement, the suit of the Bank of Oceanside against Higgins had not been tried, nor had the trustee in bankruptcy of the defendant therein intervened in said suit, but he had by an independent action sought to recover said note and mortgage as assets of the estate of his bankrupt. In due time Higgins procured his discharge in said proceeding. In the meantime, and between the time of the commencement of this action and its trial in May, 1917, Mrs. Higgins, in consideration of a loan of two thousand dollars, assigned said note and mortgage to one Gottstein, and in conjunction with said assignee, commenced a suit in foreclosure upon said note and mortgage. She recovered judgment therein, the property was sold, and a deficiency judgment entered in her favor.

The court found the facts generally as above narrated, and also that the transfer by Higgins to his wife of said note and mortgage was made for a valuable consideration and without intent to hinder, delay, or defraud the creditors of the husband, and at a time when the latter was not insolvent, in these respects rejecting the contentions of the defendant as set up in his answer to the amended supplemental complaint. The court concluded as matter of law that at the time of the commencement of the action and of the trial of the cause said Sarah A. Higgins was entitled to the possession of said personal property, and rendered its judgment accordingly and for her costs. The defendant appeals.

[1] In the briefs of counsel for the respective parties hereto quite a number of legal propositions are discussed,

with copious citations of and extracts from cases *pro* and *con;* but to our minds most, if not all, of these questions are not necessary of decision herein in the face of the foregoing facts as found by the trial court, which findings an inspection of the record shows to have been based upon conflicting testimony. If, for example, the evidence supports—as we think it does—the finding of the trial court that B. B. Higgins was not insolvent at or prior to the date of his transfer of the note and mortgage in question to his wife, and that such transfer was based upon a sufficient consideration and was not fraudulent as to his creditors, then it follows as a legal conclusion requiring no citation to support it that the note and mortgage so transferred were not subject to attachment some fifteen months after the said transfer at the suit of one of the creditors of said B. B. Higgins, and hence that the defendant, as the sheriff levying such attachment, can found no right to withhold said note and mortgage from the rightful owner thereon; and thus the fact that B. B. Higgins thereafter went into bankruptcy becomes an immaterial factor in the decision of this case.

[2] As to the right of a husband and wife acting in good faith to enter into an oral agreement with respect to what shall be done with the proceeds of the sale of their homestead property by the terms of which such proceeds are to be transferred to the wife, we have no doubt as to the validity of such an oral understanding when the same has been fully executed by the making of such transfer. (*Freitas* v. *Freitas,* 31 Cal. App. 16, [159 Pac. 611]; *Hussey* v. *Castle,* 41 Cal. 239; *Bates* v. *Babcock,* 95 Cal. 479, [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605]; *Ferrell* v. *Stanley,* 83 Kan. 491, [33 L. R. A. (N. S.) 777, 112 Pac. 155].)

The foregoing two propositions are decisive of the case at bar, since under either the defendant herein cannot be heard to question the correctness of the court's conclusion based, as we have seen, upon findings in favor of the plaintiff on evidence which, while conflicting, sufficiently supports the plaintiff's case.

Judgment affirmed.

Knight, J., *pro tem.,* and Waste, P. J., concurred.