### H. A. BELCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5501, 21194.   Promulgated May 11, 1928.

*Ralph W. Smith, Esq.*, for the petitioner.
*Le Roy L. Hight, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The petitioner has cited numerous statutes and cases to show that husband and wife in California may contract freely with each other relative to their properties, and by express agreement may render the wife's earnings her separate property. The respondent does not dispute these contentions, but points out that in this case there is no evidence of an agreement that Mrs. Belcher's earnings should be her separate property. With this we agree. The agreement entered into was that the earnings of both parties should be pooled and be the joint property of both. In the language of the parties " everything was to be fifty-fifty." This is not an agreement that the property should be the separate property of each and does not create an exception to the general rule that,

> Community property is property acquired by husband or wife, or either, during marriage, when not acquired as the separate property of either. Section 687, Civil Code of California.

In the absence of an agreement that their earnings should be separate property it can not be questioned that the earnings of either spouse are community property. (See *Fennell* v. *Drinkhouse*, 131 Cal. 447; 63 Pac. 734.) As said by the Circuit Court of Appeals recently in a case strikingly similar to this—

> At the instant they were received, the salaries were, by the law, impressed with the status of community property and were taxable with reference to that status. *Blair* v. *Roth*, 22 Fed. (2d) 932.

In that case the court reversed the decision of the Board and stated that the reasoning used in the *Estate of George W. Randall*, 4 B. T. A. 679, on which case our decision in the *Roth* case was based, was unsound. See also *Guy C. Earl*, 10 B. T. A. 723. As community

property, Mrs. Belcher's earnings are taxable to the petitioner when received. *United States* v. *Robbins*, 269, U. S. 315.

There was no error in respondent's determination of the deficiencies.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS, dissenting: I can not agree with the conclusion that the wages of the wife, at the instant of receipt, were impressed with the status of community property for I am convinced that under the prenuptial agreement of the parties her earnings never became community property.

The community system of property in California was derived in part from Spain through Mexico, and in part from France through the influence which the Code of Louisiana played in shaping the California statutes. In both Spain and France, in the absence of any agreement, property was held in community but it was valid for the parties, prior to their marriage, to fix their property rights by contract. Although the community was a consequence of marriage, the future spouses were not bound to adopt it, but could by a prenuptial contract exclude it wholly or in part. Burge's Commentaries on Colonial and Foreign Laws, vol. 3, pp. 396, 444.

The Legislature of California in 1850 passed in "An Act defining the rights of Husband and Wife." (Stats. 1850, p. 254.) This act provided:

SEC. 14. In every marriage hereafter contracted in this State, the right of husband and wife shall be governed by this Act, *Unless there is a marriage contract containing stipulations contrary thereto.* (Italics supplied.)

SEC. 15. The rights of husband and wife married in this State, prior to the passage of this Act, or married out of this State, who shall reside or acquire property herein, shall be determined by the provisions of this Act, with respect to such property as shall be hereafter acquired, *unless so far as such provisions may be in conflict with the stipulations of any marriage contract.* (Italics supplied.)

This act was modeled upon the Code of Louisiana, which in turn followed the Code of Napoleon.

The present Civil Code of California provides:

SEC. 159. A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation.

SEC. 161. A husband and wife may hold property as joint tenants, tenants in common, or as community property.

SEC. 177. The property rights of husband and wife are governed by this chapter, unless there is a marriage settlement containing stipulations contrary thereto.

Parties contemplating marriage may contract freely concerning their property under the law of California, and such prenuptial contracts have been upheld by the courts of that State; *Martin* v. *Pritchard*, 199 Pac. 846; *Freitas* v. *Freitas*, 159 Pac. 611. It thus appears that community of property only arises in the absence of a prenuptial contract to the contrary. It follows, therefore, that where there is a prenuptial contract, which by its terms excludes community ownership of property, then community ownership never arises, and all property relations of the spouses are governed, not by the law of the community, but by the terms of their contract.

The evidence in the case before us fairly establishes that prior to the marriage of petitioner in 1903 the parties to the marriage were cognizant of the effect of marriage on their property relations. The evidence further establishes that prior to the marriage the parties entered into an oral agreement that both would continue in business, on an equal basis; that their earnings would be pooled or combined in a fund in which they would have an equal interest, from which all expenses of both would be paid; and that each would own a one-half interest in all earnings, income and properties acquired by either or both during their married life. This agreement was carried out during all the subsequent years of their married life, including the taxable year in question. It established a property relationship which was entirely different from community ownership.

When property is held in community in California, the husband alone has the power of disposition. He may spend it substantially as he chooses, and if he wastes it in debauchery the wife has no redress. See *United States* v. *Robbins*, 269 U. S. 315, and cases there cited. The wife has no present ownership in the property, her interest being a mere expectancy, *Roberts* v. *Wehmeyer*, 199 Cal. 601; 218 Pac. 22. Under the terms of the prenuptial agreement petitioner and his wife were each to own a one-half interest in all earnings, income, and properties acquired by either or both during their married life. This agreement was intended to include and it did include all property which would otherwise have been community. Its effect was to exclude the community entirely and to establish between the spouses an equality in ownership and control; something which does not exist where the husband has the entire disposition and control of the property.

I come next to consider whether this agreement, not being in writing, was valid. It was entered into by the parties in 1903 and the evidence discloses that the spouses have ever since treated it as a continuing obligation and that during the taxable year in question their property relations were regulated by its terms. It was, therefore, completely executed as to all property held by the spouses and

income received by them during the taxable year. No rights of creditors or third parties are here involved. In this situation I conceive the law of California to be that the contract is valid and binding between the parties, and can not be assailed by third parties on the ground that it was not in writing, *Hussey* v. *Castle*, 41 Cal. 239; *Martin* v. *Pritchard, supra; Freitas* v. *Freitas, supra*. See *Perkins* v. *Sunset Telephone & Telegraph Co.*, 155 Cal. 712; 103 Pac. 190; *Higgins* v. *Jennings*, 188 Pac. 847; *Bondy* v. *American Transfer Co.*, 15 Cal. App. 747; 115 Pac. 965. In *Martin* v. *Pritchard, supra*, the court quoting from *Hussey* v. *Castle, supra*, said:

As the ante-nuptial contract is alleged to have been completely executed the same is not assailable by the parties thereto, or by third parties, on the ground that it was not in writing, as prescribed by the statute.

I conclude, therefore, that the prenuptial contract of petitioner and his wife was a valid, subsisting agreement, executed as to the taxable year in question, and had the force and effect of excluding the community system of ownership and substituting in its stead a property relationship between the parties according to its terms. It follows that the income of the wife was at no time during the taxable year community property, that the husband had none of the powers of management and control of the property in question which would be incident to community property, and that the wife's income is not taxable to the husband as community property. This conclusion would make it necessary to determine whether each spouse should report as income his or her earnings, or one half of the earnings of both; a very interesting question which it seems unnecessary to discuss in a dissenting opinion.

STERNHAGEN and MURDOCK agree with the dissent.