348

CLARA BRUNTON, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF ROBERT BRUNTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13539. Promulgated February 12, 1929.

*Lynden Bowring, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

350

## OPINION.

MARQUETTE: The parties hereto have stipulated that the Asia Rug Co. is entitled to deduct in computing its net income for the year 1920, the amount of $5,840 as depreciation sustained on its stock of rugs and draperies, and that it sustained a loss of $531.50 on the sale thereof in 1921. Robert Brunton's distributive share of the partnership income for 1920 and 1921 will be adjusted accordingly.

The petitioner contends that her earnings for the years 1920 and 1921 should not be included in the income of the decedent for the

reason that she and the decedent had agreed that her earnings were to be her separate property. The respondent denies that such an agreement existed and the petitioner has failed to produce any evidence to show that it did. Under the laws of California, as construed by the courts and by this Board, a wife's earnings are, in the absence of an agreement to the contrary, community property and taxable to the husband. Section 687, Civil Code of California; *Fennell* v. *Drinkhouse*, 131 Cal. 447; 63 Pac. 734; *H. L. Belcher*, 11 B. T. A. 1294. On the record we must affirm the determination of the respondent.

The only other question is whether the sale of the beneficial interest owned by Robert Brunton in and to the 1231 shares of the capital stock of Robert Brunton Studios, Inc., was made in the year 1921 or in 1922. The petitioner contends that the sale was made and the income therefrom realized in 1922, while the respondent urges that it was made and gave rise to income in 1921. There is no dispute as to the amount of the gain.

We are of opinion that the transaction under consideration was a sale in 1921 and that Robert Brunton realized the equivalent of cash therefrom in that year. It is true that Brunton, with the intent to defer the realization of income and to avoid taxation thereon in 1921, expressly stipulated in the agreement with Levee that the sale should not be consummated until 1922, but what was done does not conform to the intention thus expressed. The transaction, so far as Brunton was concerned, was executed December 20, 1921. At that time he delivered to Levee the trustee certificates evidencing his beneficial interest in the stock and also gave to him an irrevocable proxy and power of attorney which obviated the necessity of having the certificates transferred on the trustee's books at that time. He invested Levee with all the requisites and essentials of ownership and reserved nothing to himself. In return Levee agreed by the contract of December 20, 1921, to pay to Brunton the full purchase price on March 28, 1922, and this promise was secured by Liberty bonds and other collateral in an amount greater than the amount to be paid. In our opinion the situation would have been little different if Levee had given Brunton his unqualified promissory note payable March 28, 1922. The contract secured by the Liberty bonds and Selznick's note had a readily realizable or fair market value, as is shown by the fact that Brunton borrowed $30,000 from the bank using the contract as collateral. We hold that the transaction in question was a sale in 1921 and that the petitioner realized a profit therefrom in that year.

*Judgment will be entered under Rule 50.*