W. A. ROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26563. Promulgated November 8, 1929.

*Shirley E. Merserve, Esq.*, and *W. H. Teasley, C. P. A.*, for the petitioner.

*C. H. Curl, Esq.*, for the respondent.

1332

OPINION.

LITTLETON: As we view this case the ultimate facts in it and the former case, Docket No. 6012, are practically the same and their legal effect is the same. Stripped of all surplusage and opinion evidence, petitioner and his wife made an oral agreement in 1919, which was in effect during 1921 and 1922, and as to which the court in *Blair* v. *Roth*, 22 Fed. (2d) 932, stated:

There was no writing, and the testimony of appellee and his wife, much of which was elicited by highly leading questions, was to the effect that shortly after their marriage, they had an understanding, not that the earnings of each should constitute the separate property of the earner, but that the earnings of both should be contributed to a common fund, of which they were to be the owners, share and share alike. They referred to themselves as equal partners in all they had or should acquire, jointly or severally.

and again:

As exemplified in actual practice, the agreement of the appellee and his wife amounted to substantially this: They would contribute their earnings to a common fund, out of which their personal and community expenses would be paid; and of the savings, if any, and the property in which such savings were invested, they were to be the owners upon an equal footing.

The court then held that the salary earned by the wife was community property and properly taxable to the petitioner. In this proceeding, the evidence as to this oral agreement and bank account is practically the same, except that petitioner claimed that his wife was entitled to one-half of his earnings as he earned it, instead of after he received it. We are not impressed by this claim as it is merely his construction of the oral agreement, plainly an afterthought and contrary to the facts and the opinion in *Blair* v. *Roth, supra*.

On the hearing of the present proceeding the written agreement of December 31, 1923, was introduced in evidence and petitioner stated that it represented the original oral agreement. This writing was not introduced as evidence in Docket No. 6012, but the reason this was omitted does not appear. Clearly this writing does not apply to the year 1922, as it was not executed until one year thereafter, and whatever its terms may be their effect was limited to the time of execution and the future. It has no retroactive effect.

It is not our purpose to construe this contract for the years to which it might apply, but merely to show that it does not apply to 1922.

The preamble to the agreement recites that the parties during their married life have each earned money from personal services

and from investments, and have confused and mingled the proceeds thereof so that it is impossible to determine the rights of each and in order to prevent controversy they made the agreement. Under the contract two things are agreed upon: first, " They agree that in the event that any of their property they now own is community property, that that property *shall* be transferred and changed from community property into separate property," and, second, " They agree that all of their property of whatever kind or character and all of their income from whatever source derived *shall be* and *become* separate property and not community property."

It will be observed that the word " shall " is used throughout. This imports futurity and has no retroactive effect. The agreement was made for the purpose of settling property rights of the parties as of December 31, 1923, and thereafter. It affected their property on hand at that date, and income and property to be acquired in the future, but does not apply to income for 1922 and does not purport to.

Petitioner cites *Earl* v. *Commissioner*, 30 Fed. (2d) 898, as overruling and establishing a contrary doctrine to that announced in *Blair* v. *Roth*, *supra*. But the court in the *Earl* case expressly distinguished it from the *Roth* case and it does not apply. In the *Earl* case the court said:

The remaining question is its proper construction. The petitioner claims that by its terms his personal earnings become the joint property of himself and wife immediately upon being earned, while the position of the government is that, notwithstanding the language of the contract, there was an interval of time during which his earnings belonged to the community and were taxable as such. We are unable to agree with this latter view. The language of the contract is that the earnings, including salaries, fees, etc., of either spouse shall be treated and considered and " is hereby declared to be received, held, taken and owned " by them as joint tenants and not otherwise.

This clearly indicates an intention that the earnings of either spouse shall not be received and held by the community but by them as joint tenants. The Board of Tax Appeals and the government seem to rely principally on the decision of this court in *Blair* v. *Roth*, (22 Fed. 2d, 932). In that case, the contract as construed by the court, amounted to nothing more than an agreement between a husband and wife that they *would* contribute their earnings to a common fund out of which their personal and community expenses would be paid and the savings if any would be owned by them jointly. There was no agreement, as here, that the earnings of either spouse should be received, and held and owned as the joint property of both, but merely that each would contribute his or her earnings to a common fund. It is evident. that the parties here did not have in mind that the future earnings of either should first be received by him or her and then turned over to a joint tenancy but the intention clearly expressed is that the earnings should be received, taken and held from the very beginning as the joint property of both.

The case presented by petitioner is practically the same as that presented in *W. A. Roth*, 4 B. T. A. 834, and is governed by *Blair* v.

*Roth*, 22 Fed. (2d) 932. The action of the Commissioner was correct.

*Judgment will be entered for the respondent.*