W. A. ROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37355, 45065.   Promulgated March 5, 1931.

*Shirley E. Meserve, Esq.,* and *W. H. Teasley, C. P. A.,* for the petitioner.

*Mason B. Leming, Esq.,* for the respondent.

588

590

OPINION.

Seawell: The contract of December 31, 1923, by reason of which petitioner contends that the income earned by his wife and income from the property mentioned in the findings of fact should not be taxed to him as community property, is the same contract involved in the case of *W. A. Roth*, 17 B. T. A. 1330. In the decision of that case it was said: " Clearly this writing does not apply to the year 1922," (the year involved in that case) " as it was not executed until one year thereafter, and whatever its terms may be their effect was limited to the time of execution and the future. It has no retroactive effect."

In the brief in behalf of the petitioner it is insisted that petitioner's wife received *subsequent* to the execution of said written agreement certain income, to wit: Salary from Los Angeles Lime Company, $200; from Dan. Lohnes, $40; and a bonus from Los Angeles Lime Company, the amount of which, $3,683.08, was not determined nor received until 1924, and all of which she reported in 1923 as " constructively received " as her separate income, properly taxable to her and not to the petitioner. There is no sufficient evidence to sustain such contention nor to overcome the presumption of the correctness of the respondent's determination for 1923 in adding the amount of the salary of petitioner's wife to his taxable income. The income for the year 1923 was unaffected by the writing mentioned, which had reference alone to future transactions. This determination of the Commissioner for the year 1923, Docket No. 37355, is therefore approved.

For the years 1924 and 1925, involved in Docket No. 45065, said writing of December 31, 1923, executed by the petitioner and his

wife was in force and effect. What that effect was and is, we will now inquire. Under the California Civil Code, sections 162, 163 and 164, all property acquired after marriage by either spouse constitutes community property, except that acquired by gift, bequest, devise or descent. The property held by the petitioner and his wife was not acquired before marriage and is community property. All community income in California is returnable by and taxable to the husband. *Blair* v. *Roth*, 22 Fed. (2d) 932; *United States* v. *Robbins*, 269 U. S. 315; *H. A. Belcher*, 11 B. T. A. 1294; affd., *Belcher* v. *Lucas*, 39 Fed. (2d) 75. But under sections 157 and 158 of the California Civil Code it is further provided that neither husband nor wife has any interest in the property of the other and either may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried. There is, therefore, no question as to the right and power of the petitioner and his wife to contract with reference to their community property or other property and to agree that the community property may be held as individual or separate property, and that the personal earnings of the wife, present or future, may be her separate property and not community property. *Kaltschmidt* v. *Weber*, 145 Cal. 596; 79 Pac. 272.

Under the contract duly acknowledged by each it is agreed, *inter alia*, " that in the event that any of their property they now own is community property, that that property shall be transferred and changed from community property into separate property as herein set forth. They agree that all of their property of whatever kind or character and all of their income from whatever source derived (whether derived as the rents, issues and profits of property now existing or whether derived as compensation in payment for personal services) shall be and become separate property and not community property, and that each of the parties hereto shall be deemed to own an undivided one-half personal and separate interest in all the properties now owned by the parties hereto in all of the rents, issues and profits of said properties  *  *  *."

This contract is practically the same as that between Guy C. Earl and his wife which case was held valid by the Circuit Court of Appeals for the Ninth Circuit, *Earl* v. *Commissioner*, 30 Fed. (2d) 898, and this part of the decision was approved by the Supreme Court in the following language by Mr. Justice Holmes: " The validity of the contract is not questioned, and we assume it to be unquestionable under the law of the State of California, in which the parties lived." Nevertheless the Supreme Court in this case

held that the income of Guy C. Earl, from salary and fees from his law practice, was all his own for taxation purposes, and his wife was not permitted to return one-half thereof as her income for taxation to the relief of her husband. The Court said: " * * * however the matter might stand between husband and wife he was the only party to the contracts by which the salary and fees were earned, and it is somewhat hard to say that the last step in the performance of those contracts could be taken by anyone but himself alone." *Lucas* v. *Earl*, 281 U. S. 111.

It would seem, therefore, that Mrs. Roth's salary should be taxable to her, but the learned Judge previously quoted said in the *Earl* case that these tax cases are not to be decided by attenuated subtleties. Unless the contract between her and her husband made her salary something other than community property it is all (it matters not on what " tree the fruit may have grown ") taxable to the husband. It seems the husband may not so contract with his wife as to make his personal salary income to his wife. It is first income to him and then it may be his wife's property under the contract, but her title does not attach until after it has become income to him. With reference to the wife's income, however, a different situation is presented. Her efforts produce salary which would be taxable to her as her own income but for the provisions of the law of California which gives it, i. e., the right to it, to her husband even before she earns it. There is nothing in the law to prevent the husband from releasing, forgiving and annulling this right to his wife and by contract he may surrender and annul the inchoate right given him under the law (*Lucas* v. *Earl*, *supra*), and to the extent to which it is released it never becomes income to the husband. In this case we hold that the contract did so release, forgive, annul and remit one-half of her income to Mrs. Roth and it was not taxable to the petitioner, but alone to her. *A. B. C. Dohrmann*, 19 B. T. A. 466. As only one-half was so released, it follows that the other half is taxable to the petitioner.

This result seems also consonant with the recent opinion of the Supreme Court in *Poe* v. *Seaborn*, 282 U. S. 101, in which it was held that in a State whose community property laws give the wife a present vested interest as contradistinguished to the mere expectancy in such property said to be given under the California laws, community property should be returned one-half by each and so taxed.

With reference to income from rentals and sales of real estate, we are confronted with the suggestion that the contract is not suffi-

cient in form to convey land, and mere income as a bare right is not a subject for conveyance under the taxing law. We hold, however, that the contract between husband and wife, even if not sufficient as a conveyance, is good as a contract to convey and sufficient to support specific performance; and as between the parties amounts to an equitable conveyance. "A deed ' of all my estate ' is sufficient. So a deed ' of all my lands wherever situated.' is good to pass title. *Johnson* v. *DeLancy*, 4 Cow. 427; *Pond* v. *Berg*, 10 Paige 140; 1 Atk. on Conv., 2. A mortgage ' of all my property ' like the one we are considering, is sufficient to transfer title." *Wilson* v. *Boyce*, 92 U. S. 320, 325. See also *Alabama* v. *Montague*, 117 U. S. 602, 610; *First Trust & Savings Bank* v. *Bitter Root Valley Irrigation Co.*, 251 Fed. 320, 322. It would seem, therefore, to follow that income from dividends and rentals and sales of real estate should be divided and held taxable one-half to the husband and one-half to the wife, and we so hold. In reference to any salary and earnings of the petitioner, the contract is ineffectual to convey them before received by the petitioner and the whole of such income is taxable to him, and we so hold.

The decision of the Supreme Court in *United States* v. *Malcolm*, 282 U. S. 792, deals with a fundamental change in the community property law of the State of California, enacted after the taxable years here involved.

Reviewed by the Board.

> *In Docket No. 37355 (1923), judgment will be entered for the respondent. In Docket No. 45065 (1924 and 1925), judgment will be entered under Rule 50.*

---

MURDOCK, dissenting: I dissent from that portion of the opinion which holds that one-half of the compensation paid for the services performed by the wife may on account of the contract be made taxable to the wife. This compensation must first have been community income and the husband must return California community income.

ARUNDELL agrees with this dissent.

MORRIS and McMAHON dissent from the same portion of the prevailing opinion on the authority of *Lucas* v. *Earl*, 281 U. S. 111.