[Civ. No. 4734. Third Appellate District.—April 25, 1933.]

H. J. STEVENSON, Appellant, v. ETHEL THELMA HENDRICKSON PANTALEONE et al., Respondents.

William Ellis Lady for Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

BURROUGHS, J., *pro tem.*—This cause was tried upon the second amended complaint and the answer thereto. A number of questions have been presented, but we do not deem it necessary to discuss all of them in arriving at a determination of the case, owing to the view we have taken of the law applicable to the points herein discussed. Two causes of action are stated in the complaint. One based upon a constructive trust alleged to have accrued through the violation of an agreement entered into between plaintiff and one Edith M. Hendrickson, by which they mutually agreed to marry one another, and immediately thereafter to make each other the beneficiary of life insurance policies which each held on his or her life. It is alleged therein that the marriage was consummated; that plaintiff made his wife the beneficiary under the policies held on his life, but that his wife failed to name him as the beneficiary in the policy issued on her life, and that the two defendants are the named beneficiaries in the policy issued on her life; that upon the death of Edith M. Hendrickson Stevenson they collected the amount due on the policy, and now refuse to account for the same to this plaintiff.

It is also alleged that plaintiff believed the said promise of his intended wife, and relied thereon, and if said promise had not been made, he would not have entered into the marriage relation as aforesaid; that his said intended wife never intended to change the beneficiaries named in the policy held on her life.

The other cause of action is for money had and received. The answer of the defendants, in appropriate language, denied the existence of the alleged trust, or that any money was due from them, or either of them, to the plaintiff. The cause was tried by the court; each party offered evidence on the issues involved, and the court reserved a ruling as to its admissibility. Briefs were filed by the respective parties, and thereafter the court made the following order which was entered in the minutes of the court: "The objection heretofore made by the defendants to the introduction of evidence in the above entitled case is hereby sustained, and judgment is hereby ordered for the defendants." Thereafter, the court made its findings of fact, conclusions of law and judgment in conformity with said order, and the plaintiff has appealed from the judgment.

The record has been brought up under the alternative method. The objections made by the defendants, and sustained, went to all of the evidence offered by the plaintiff, and therefore the allegations of the complaint having been denied by the answer, were without evidentiary support, and no other judgment than the one entered was possible. It is not assigned or claimed that the complaint does not state facts sufficient to constitute a cause of action. ██ Although the agreement between the parties is not alleged to be in writing, it is a legal presumption that it is. (*Freitas* v. *Freitas*, 31 Cal. App. 16 [159 Pac. 611].) It is claimed, however, that the cause of action for money had and received cannot be maintained upon the evidence of a trust, but under the view we take of the case, such subject becomes immaterial as to both causes of action.

██ The vital question to be determined is this: Conceding that the excluded evidence established an agreement, it is equally clear therefrom that the agreement was oral. Such being the case, was there, as claimed by the appellant, such a performance of its terms as would raise the bar of the statute of frauds?

One of the objections upon which the offered testimony was excluded was based upon subdivision 3 of section 1624 of the Civil Code, which section, so far as material, reads as follows: ''The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent . . . 3. An agreement made upon consideration of marriage, other than a mutual promise to marry; . . . ''

The objection was also predicated on section 1973 of the Code of Civil Procedure, and subdivision 3 thereof, which is in substance the same as section 1624, *supra*. Although there was no contract in writing, nor any note or memorandum thereof in writing subscribed by the parties, it is claimed by appellant that the rejected evidence discloses that the contract had been fully executed by him, and partly by her, and therefore the statute of frauds has no application here. This contention is stated in the appellant's opening brief as follows: ''Both parties to said agreement performed some portion thereof. Plaintiff performed each and every provision thereof on his part to be performed, and the only provision that was not performed was the promise on the part of said Edith M. Hendrickson to change the beneficiary or beneficiaries in her policy of insurance from defendants to that of plaintiff, and this action is the result thereof.'' The excluded evidence supports the following conclusions: That they agreed to get married; that they agreed to change the beneficiaries from those named in the policies, in favor of each other; that the premiums on the policies were to be paid from their community earnings; that no premiums were paid on the policy of insurance issued on the life of plaintiff's wife on account of sickness overtaking her, and while she was sick the premiums were taken care of by a provision in the policy of insurance; that plaintiff kept up the premiums on the policies on his life; that, but for such antenuptial agreement with her and its anticipated fulfillment, the plaintiff would not have consummated the marriage and performed the agreement on his part; that they were married; that the plaintiff thereafter changed the beneficiary named in the insurance policies carried on his life, to his wife; that his wife did not change the beneficiaries named in her policy to the name of the plaintiff; that she had stated to her beneficiaries that she did

not intend to make a change; that she left her policy in the custody of the plaintiff and he knew that she had not made the change.

Do the foregoing facts constitute part performance sufficient to take the case out of the statute of frauds? If so, then the court erred in excluding the testimony; if not, then the order of exclusion was properly made, for there can be no question that the contract was one required to be in writing.

In *Hughes* v. *Hughes,* 49 Cal. App. 206 [193 Pac. 144], the plea was made that the defendant in consideration of the plaintiff marrying him, agreed to deed plaintiff certain property, make a will bequeathing to her all of his property at his death, and perform certain other acts. The marriage was consummated and the will was made, but defendant refused to convey the property. The above case is authority for the propositions that marriage does not take the case out of the statute of frauds; that the execution of the will was not sufficient part performance, and the oral contract could not be enforced because not executed in conformity with subdivision 3 of section 1624 of the Civil Code. Also, that a court of equity will not enforce an oral antenuptial agreement to convey real and personal property after the marriage unless it is made to appear that the promisor, by some fraud or deceit, prevented the oral agreement being reduced to writing.

In *Peek* v. *Peek,* 77 Cal. 106 [19 Pac. 227, 11 Am. St. Rep. 244, 1 L. R. A. 185], it is held that marriage is not of itself part performance of a parol contract to convey real property in consideration of marriage, sufficient to take the case out of the statute of frauds.

In *Gould* v. *Mansfield,* 103 Mass. 408 [4 Am. Rep. 573], which is cited with approval in *Hughes* v. *Hughes, supra,* is involved the principle applicable to the case at bar. The facts alleged in the complaint in that action, to which a demurrer was sustained by the court, was to the effect that the plaintiff and one Nancy Gould agreed by parol that each of them should make a will in the other's favor, and give and devise thereby all her property, both real and personal, to the other, and that neither of them was to make any different will at any time, or to dispose of her property in any manner different therefrom. Afterwards

Nancy Gould made another will in favor of other parties, and died. The court said: "There has been no part-performance which amounts to anything. The plaintiff says she made a will devising her property to Nancy. But such an instrument was ambulatory and might have been revoked by various acts, or by implication of law from subsequent changes in the condition or circumstances of the testator. . . . The plaintiff's property is still, as it has always been, in her own hands and subject to her own control." (See, also, *In re Edwall's Estate,* 75 Wash. 391 [134 Pac. 104]; *McClanahan* v. *McClanahan,* 77 Wash. 138 [137 Pac. 479, Ann. Cas. 1915A, 461].)

In the case at bar the right to change the beneficiary named in the several insurance policies at all times rested in the insured, and as said in the case last cited, concerning the power to make a will, the right to change the will was ambulatory, and the same right exists to change the beneficiary in a policy of insurance, and not constitute a sufficient part performance to take the case out of the statute of frauds.

In Browne, Statute of Frauds, secs. 452–454, and *Williams* v. *Morris,* 95 U. S. 444 [24 L. Ed. 360], the rule is laid down that it is not enough that the act of part performance is evidence of some agreement; but it must be unequivocal and satisfactory evidence of the particular agreement itself. To the same effect is *Swash* v. *Sharpstein,* 14 Wash. 426 [44 Pac. 862, 32 L. R. A. 796]; *Trout* v. *Ogilvie,* 41 Cal. App. 167 [182 Pac. 333]; 58 C. J., p. 994, sec. 190; 12 Cal. Jur., p. 898, sec. 60.

In *Henry* v. *Henry,* 27 Ohio St. 121, and *French* v. *French,* 10 Ohio St. 501, it is held that where a wife, in consideration of marriage, orally agreed to convey real property to her husband, the marriage of the parties, moving onto the land and making valuable improvements thereon, were not sufficient acts of part performance to take the case out of the statute of frauds, such acts being as much referable to his character as a husband, as under the oral antenuptial agreement.

In *Trout* v. *Ogilvie, supra,* it is said: "To take a contract out of the operation of the statute of frauds, however, the acts relied upon must be unequivocally referable to the contract. Acts which, though in truth done in performance of

a contract, admit of an explanation without supposing a contract, are not, in general, such acts of part-performance as will take the case out of the operation of the statute. (36 Cyc. 645.) The acts relied upon must clearly appear to have been done in pursuance of the contract, and to result from the contract and not from some other relation.'' (See cases there cited.)

In *Baker* v. *Bouchard*, 122 Cal. App. 708 [10 Pac. (2d) 468], the decision of the court, so far as material to the case at bar, is epitomized in the syllabus as follows: ''In an action to enforce a trust in real property alleged to have arisen by virtue of an oral agreement between plaintiff and defendant's intestate, whereby the decedent agreed, in consideration of plaintiff taking up her residence in decedent's home and providing and caring for him during his declining years, that he would make a will devising to her the real property in question, which oral agreement plaintiff claimed she fully performed, an attempted will by decedent devising said property to plaintiff which did not refer to the alleged oral agreement and which was void for want of compliance with statutory provisions governing wills, did not constitute a sufficient memorandum of the alleged oral agreement to comply with the requirement of section 1624 of the Civil Code, and section 1973 of the Code of Civil Procedure. . . . In such action, the fact that plaintiff fully performed her part of the alleged oral agreement did not take the contract out of the operation of the statute of frauds. . . . ''

In *O'Brien* v. *O'Brien*, 197 Cal. 577–586 [241 Pac. 861], it is held that neither subsequent marriage nor the execution of a will pursuant to an oral antenuptial agreement to make a will is such part performance as will relieve the contract from the operation of the statute of frauds.

In the case before us, the change of the beneficiary by the plaintiff may be attributable to his character of husband, and nothing else. So far as the wife is concerned, she did no act toward performance.

In *Luders* v. *Security Trust etc. Bank*, 121 Cal. App. 408 [9 Pac. (2d) 271], in an action to enforce a trust based on an alleged oral agreement, it is said: ''Nor does this case fall within the rule that the statute of frauds cannot be invoked in case of a completed oral contract. (*Schultz* v. *Noble*, 77 Cal. 79 [19 Pac. 182]; *Colon* v. *Tosetti*, 14 Cal.

App. 693 [113 Pac. 365]), for the contract now sued upon was not completed. The reason that the contract is now in court is because the decedent did not perform his part of the alleged agreement . . . ''

The case of *Freitas* v. *Freitas*, 31 Cal. App. 16 [159 Pac. 611], was an action where the plaintiff and her prospective husband entered into an agreement whereby he promised her that if she would marry him he would make her the beneficiary under a life insurance policy. They were married and thereafter he made his wife such beneficiary and delivered the policy to her. Later he stole the policy from her and changed the beneficiaries, who are the defendants in this action. It was held that the oral contract having been fully executed was enforceable against the defendants. It has always been held that the statute of frauds has no application to fully executed contracts. (*Bates* v. *Babcock*, 95 Cal. 479 [30 Pac. 605, 29 Am. St. Rep. 133, 16 L. R. A. 745]; 23 Cal. Jur., p. 465, sec. 33.)

From the foregoing review of the evidence offered by the plaintiff, it is clear that Edith M. Hendrickson did nothing that could be construed as an act of part performance of the oral antenuptial agreement; even the act of marriage did not constitute part performance. The only act performed by plaintiff which could be attributable to the said agreement was the change in the beneficiary in the policies of insurance issued on his life, and under the above-cited authorities, such act was insufficient to raise the bar of the statute. Such being the case, the ruling of the court sustaining the objections to the offered evidence was correct, because the agreement was not in writing and no facts were shown sufficient to support its enforcement as an executed oral agreement. The other questions raised, therefore, become immaterial.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.